[Nos. H006667 and H007103. Sixth Dist. July 29, 1991.]

WILLIAM G. ROMADKA et al., Plaintiffs and Appellants, v.
LEE R. HOGE, Defendant and Appellant.

**COUNSEL**

Gloria Mattioli for Plaintiffs and Appellants.

Charles T. Kilian and Leslie R. Lopez for Defendant and Appellant.

**OPINION**

**AGLIANO, P. J.—**

## I. INTRODUCTION

Plaintiffs appeal from (1) an order of the Santa Clara Superior Court denying their motion to vacate dismissal with prejudice of their action against defendant, and (2) a subsequent judgment of the Santa Cruz Superior Court in favor of defendant based on the dismissal. Plaintiffs contend that their attorney's dismissal of the action with prejudice was without their authority and therefore void. For the reasons explained below we reverse the Santa Clara County order. Because the ensuing Santa Cruz judgment was

based on the res judicata effect of the Santa Clara dismissal, it also is reversed.

## II. FACTS

On July 20, 1984, plaintiffs filed a complaint in Santa Clara County against defendant and his brother to recover on several promissory notes. Plaintiffs obtained a default judgment against defendant's brother. Plaintiffs, however, failed to serve defendant within three years and their action fell subject to mandatory dismissal without prejudice under Code of Civil Procedure section 583.250.

On December 18, 1987, still within the limitations period, plaintiffs refiled the action in Santa Cruz County. On June 30, 1988, plaintiffs' attorney filed a request for dismissal of the still pending Santa Clara County action. Plaintiffs' attorney completed the request for dismissal form and by mistake checked the "with prejudice" box instead of the "without prejudice" box. Plaintiffs had not authorized dismissal of the action with prejudice.

On November 18, 1988, defendant answered the Santa Cruz County action and alleged as an affirmative defense that plaintiffs' action was barred by the doctrine of res judicata. At trial on October 25, 1989, defendant introduced in evidence a certified copy of plaintiffs' dismissal with prejudice. It was at this time that plaintiffs and their attorney realized that counsel had marked the dismissal with prejudice box on the dismissal form. The trial court requested that the parties submit written briefs regarding the effect of the dismissal.

On November 3, 1989, plaintiffs filed a motion in Santa Clara County to vacate the dismissal with prejudice of the first action or to correct it to reflect a dismissal without prejudice. This motion was heard on December 13, 1989. On December 15, 1989, plaintiffs' motion was denied by minute order. On January 12, 1990, plaintiffs appealed from the denial of their motion to vacate.

On January 18, 1990, plaintiffs filed a motion for continuance of the Santa Cruz County trial pending appeal of the Santa Clara County order. On February 5, 1990, the motion for continuance was heard in conjunction with a hearing on the written briefs. The motion for continuance was denied and the matter was submitted. On February 16, 1990, judgment was entered dismissing plaintiffs' complaint and awarding defendant his cost of suit.

On March 5, 1990, defendant moved to fix the amount of attorney's fees awardable as costs. On April 26, 1990, the court awarded defendant $6,585 in attorneys fees.

On May 2, 1990, plaintiffs appealed from the judgment. On May 18, 1990, defendant cross-appealed from the court's order fixing the amount of attorneys fees.

## III. THE SANTA CLARA DISMISSAL

██ Plaintiffs contend that the voluntary dismissal with prejudice was invalid because their attorney lacked authority to surrender their substantive rights in the action and thus the dismissal could be voided under Code of Civil Procedure section 473.[1]

 Section 473 provides in relevant part that the court "may, on motion of either party after notice to the other party, set aside any void judgment or order."[2]

Plaintiffs' argument is based upon a line of cases which authorizes relief under section 473 where the attorney acted without authorization of the client. In *Robinson* v. *Hiles* (1953) 119 Cal.App.2d 666 [260 P.2d 194], the Court of Appeal affirmed a trial court order vacating plaintiff's dismissal with prejudice. Plaintiff's attorney had entered into a settlement agreement and subsequently dismissed the action with prejudice. Plaintiff sought relief under section 473 asserting that he had not authorized settlement of the action. The appellate court noted that section 473 motions are addressed to the sound discretion of the trial court and will not be disturbed unless there is a showing of an abuse of discretion. (119 Cal.App.3d at pp. 673-674.)

An abuse of discretion was found in a trial court's denial of a motion to vacate a dismissal with prejudice in *Bice* v. *Stevens* (1958) 160 Cal.App.2d 222 [325 P.2d 244]. The plaintiffs moved to vacate after their attorney dismissed the action with prejudice against one defendant in return for a payment of $25, effectively destroying plaintiffs' action against all of the defendants. The appellate court found that because the attorney lacked authority to compromise plaintiffs' case, it was an abuse of discretion for the court to deny plaintiffs' motion. (*Id.* at pp. 232-234.)

██ "The attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action but he may not impair the client's substantial rights or the cause of action itself." (*Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 276 [74 Cal.Rptr. 544, 449 P.2d 760].)

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2]Plaintiffs also argue that the dismissal was subject to correction as a clerical error. As pointed out in *Roybal* v. *University Ford* (1989) 207 Cal.App.3d 1080 [255 Cal.Rptr. 469], an error in a request for dismissal does not constitute a "clerical error" in the court's records and thus cannot be corrected as such. (*Id.* at pp. 1084-1085.)

After a mistrial, the attorney in *Linsk* stipulated over his client's objections that another judge could render a decision based entirely on the record of the initial trial. Since the attorney lacked the authority to waive the client's substantive rights, the California Supreme Court reversed the judgment. "[A]n attorney may not, by virtue of his general authority over the conduct of the action . . . agree to the entry of a default judgment . . . or a summary judgment against his client . . . [or] compromise his client's claim . . . ." (*Id.* at pp. 277-278.) The attorney's unauthorized stipulation was found to have prejudiced the outcome and thus reversal was mandated.

Clearly a dismissal with prejudice disposes of the client's substantive rights and therefore requires for its validity the authorization of the client. In *Bowden* v. *Green* (1982) 128 Cal.App.3d 65 [180 Cal.Rptr. 90] the attorney agreed to dismiss a cross-complaint without his clients' authorization. The clients' motion to correct the ensuing judgment was denied. The Court of Appeal reversed. "Because counsel's dismissal stipulation was wholly unauthorized and was made without the knowledge or consent of his clients, it could not form the basis of a valid judgment." (*Id.* at pp. 73-74.) ▉ An attorney's unauthorized disposition of clients' substantive rights is invalid and a judgment based thereon is therefore void. (*Ibid.*)

"[D]ismissal of a cause of action by an attorney acting without any authority from his client is an act beyond the scope of his authority which, on proper proof, may be vacated *at any time*. Obviously, such action requires strong and convincing proof, and the longer the delay in the application for relief the stronger and more convincing the factual proof should be." (*Whittier Union High Sch. Dist.* v. *Superior Court* (1977) 66 Cal.App.3d 504, 509 [136 Cal.Rptr. 86], italics added.) The attorney in *Whittier* had entered into an unauthorized settlement and dismissed the action with prejudice before absconding with the settlement funds. Clients' motion to vacate the dismissal was granted and affirmed on appeal. "Quite simply, the controlling question is whether Pierovich [the attorney] had any authority to dismiss plaintiffs' action without their knowledge and consent. If he wholly lacked power to dismiss the cause and acted beyond the scope of his authority in dismissing his clients' complaint, his action remained voidable for an indeterminate period, and his *clients could vacate the unauthorized dismissal within a reasonable time after learning of it, regardless of the time limitations in section 473* . . . . Because the facts are undisputed that Pierovich's dismissal was wholly unauthorized . . . the dismissal may be vacated by the court at any time." (*Id.* at pp. 507-508, italics added.)

In *Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109] the California Supreme Court, citing *Whittier*, reversed the trial court's denial of plaintiff's request for a trial de

novo after her attorney submitted the action to binding arbitration without plaintiff's authorization. The Supreme Court held that the unauthorized acts of the attorney did not bind the client. The agreement to arbitrate was therefore invalid and the judgment based on it had to be reversed.

■ Here, plaintiffs' attorney's lack of authority invalidated her dismissal of the Santa Clara County action with prejudice. The trial court had before it the attorney's declaration and testimony that she acted without authority and by mistake. Given that there was no conceivable reason to dismiss the action with prejudice rather than without prejudice, the trial court could not have disbelieved this evidence. The court therefore abused its discretion in denying plaintiffs' motion to vacate the dismissal with prejudice. (*Whittier, supra,* 66 Cal.App.3d 504; *Blanton, supra,* 38 Cal.3d 396.) We therefore reverse the denial of plaintiff's motion to vacate and order that the dismissal be amended to reflect a dismissal without prejudice.

## IV. The Santa Cruz Action

Defendant based his entire defense in the Santa Cruz action on the res judicata effect of the prior dismissal. Before the matter was submitted for decision, the trial court inquired about the status of any appeal in the Santa Clara action and was informed the dismissal order was on appeal and that plaintiffs were preparing to file a petition for writ of mandamus in the Santa Clara action. ■ An order granting or denying a motion to vacate a judgment on the ground that the judgment is void can be directly attacked on appeal under section 904.1, subdivision (b). (*County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 110 [183 Cal.Rptr. 741].) Plaintiffs' appeal of the order denying their motion to vacate the Santa Clara dismissal was thus proper.

■ Since we reverse the denial of plaintiffs' motion to vacate the Santa Clara County dismissal, we must also reverse the ensuing judgment in the Santa Cruz action. "It is well settled that application of the doctrine of collateral estoppel [or res judicata] requires a final judgment on the merits. . . . 'If, when the earlier judgment is set aside or reversed, the later judgment is . . . pending or an appeal has been taken and remains undecided, a party may inform the trial or appellate court of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment. The court should then normally set aside the later judgment.' " (*Grain Dealers Mutual Ins. Co.* v. *Marino* (1988) 200 Cal.App.3d 1083, 1088-1089 [246 Cal.Rptr. 410], quoting Rest.2d Judgments, § 16, pp. 146-147.)

## V. CONCLUSION

The order denying plaintiffs' motion to vacate the dismissal with prejudice of the Santa Clara County action is reversed with directions to vacate the dismissal with prejudice and enter an order dismissing the action without prejudice. Because the Santa Cruz judgment was based on the Santa Clara County judgment's res judicata effect, the Santa Cruz judgment is also reversed. Defendant's cross-appeal is dismissed as moot. Plaintiffs are entitled to costs on appeal.

Cottle, J., and Elia, J., concurred.