Frederick W. BROKASKI, Plaintiff—Appellant,

v.

DELCO SYSTEMS OPERATIONS,

and

General Motors Corporation, Defendant—Appellee.

No. 01–55959.

D.C. No. CV–98–5558–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002.*

Decided July 24, 2002.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Frederick Brokaski appeals the district court's order enforcing a settlement agreement and dismissing Brokaski's lawsuit against General Motors with prejudice. Because the facts are known to the parties, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's enforcement of a settlement agreement for an abuse of discretion. *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987). "Reversal is appropriate only if the court based its decision on an error of law or clearly erroneous findings of fact." *Maynard v. City of San Jose,* 37 F.3d 1396, 1401 (9th Cir.1994) (citation and internal quotation marks omitted). We affirm.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie,* 829 F.2d at 890. "However, the district court may enforce only *complete* settlement agreements." *Id.* "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.*

Brokaski argues that the district court should have held an evidentiary hearing before ruling on General Motors'

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

motion to enforce the settlement agreement. We disagree. In this case, there is no dispute over the existence or terms of the agreement. Brokaski does not argue that he did not intend to be bound by the settlement agreement, which he signed, nor does he raise any factual issue regarding the creation of the agreement. Even on appeal, he has not identified any evidence that would put in doubt the existence of the written, signed settlement agreement.

Instead, Brokaski argues that the settlement agreement was invalid due to either a unilateral or mutual mistake. The parties, he argues, misunderstood the law and erroneously believed that Brokaski's lawyer, Erin Parks, had the power to dismiss Brokaski's lawsuit. "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1989). Under California law, a settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. *See Gorman v. Holte*, 164 Cal. App.3d 984, 988, 211 Cal.Rptr. 34 (Cal.Ct. App.1985).

While Brokaski is correct that Parks could not dismiss a lawsuit with prejudice without her client's consent or knowledge, *see Romadka v. Hoge*, 232 Cal. App.3d 1231, 1235–36, 283 Cal.Rptr. 878 (Cal.Ct.App.1991), no such thing happened here. Brokaski knowingly entered into the settlement agreement and initialed the provision that permitted his attorney to dismiss the lawsuit with prejudice upon her receipt of GM's check.

Brokaski also argues that the settlement agreement did not comport with

his expectation that he would not have to dismiss the lawsuit until he cashed the check. Again, Brokaski signed the agreement and is bound by its terms. "[I]n the interest of preserving some reasonable stability in commercial transactions, the courts will not set aside contractual obligations, particularly where they are embodied in written contracts, merely because one of the parties claims to have been ignorant of, or to have misunderstood, the provisions of the contract." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421, 49 Cal.Rptr.2d 191 (Cal.Ct.App.1996) (citation omitted). Thus, the district court did not abuse its discretion by summarily enforcing the settlement agreement.

AFFIRMED.