Filed 3/3/14  Markowitz v. City of Los Angeles CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PHILIP MARKOWITZ, | B247155 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC379354) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Amy D. Hogue, Judge.  Reversed.

Law Offices of Jeffrey A. Cohen and Jeffrey A. Cohen for Plaintiff and Appellant.

Michael N. Feurer, Los Angeles City Attorney, Amy Jo Field, Supervising City Attorney and Lisa S. Berger, Deputy City Attorney, for Defendants and Respondents.

Philip Markowitz appeals from an order dismissing his action against the City of Los Angeles and individually named members of the Los Angeles Police Department (the Los Angeles defendants) entered pursuant to a stipulation executed by his former attorney.  He contends the trial court erred in denying his motion to vacate the stipulation under Code of Civil Procedure section 473, subdivision (b).[1]

We conclude that the order of dismissal of the Los Angeles defendants must be reversed because counsel for plaintiff was not authorized to impair his client's substantive rights by entering into the stipulation without the knowledge or consent of the client.

**FACTUAL AND PROCEDURAL SUMMARY**

The incident giving rise to plaintiff's claims was set out in full in our earlier unpublished opinion in *Markowitz v. City of Pasadena* (May 27, 2010, No. B213609 [nonpub opn.].).  Briefly summarized, it was shown that in January 2007, Priscilla Hernandez contacted the Pasadena Police Department to report repeated threats by plaintiff to kill her.  She told the responding officer that she had dated plaintiff, but had ended the relationship two weeks before.  She had received 28 calls to her cell phones from an unidentified restricted number in one period of 5 hours.  Ms. Hernandez told the officer that she had seen a handgun under plaintiff's pillow at his residence.  The officer identified plaintiff through Department of Motor Vehicles records and confirmed his identity with Hernandez.  Gun registration records showed three handguns registered to plaintiff, and he had an arrest record for firearm and domestic battery violations.  Pasadena police officers determined they had probable cause to arrest plaintiff.  Since plaintiff lived in the City of Los Angeles, they contacted the Los Angeles Police Department and asked that plaintiff be detained while an emergency protective order was obtained on behalf of Ms. Hernandez.  Plaintiff was arrested at his home by Los Angeles

---

[1] All further code references are to the Code of Civil Procedure unless otherwise noted.

police officers. He alleged that he suffered mistreatment during the arrest. Plaintiff was transported to the Pasadena police station where he was booked on a charge of making criminal threats in violation of Penal Code section 422. That charge was subsequently dismissed.

In October 2007, plaintiff sued the Los Angeles defendants and the City of Pasadena and individual Pasadena police officers (the Pasadena defendants). He alleged causes of action for false arrest, civil rights violations, intentional and negligent infliction of emotional distress, negligent training or supervision and unconstitutional procedures, policy, practices and customs.

The Pasadena defendants successfully moved for summary judgment on the ground that there was probable cause justifying appellant's arrest, a defense to plaintiff's claims. Plaintiff appealed from that judgment. Meanwhile, the case against the Los Angeles defendants was set for trial.

At the final status conference before trial on January 20, 2009, the trial court denied a request for a continuance by B. Kwaku Duren, plaintiff's attorney. Counsel for the Los Angeles defendants declared that she spoke with Duren in the hallway outside the courtroom after the final status conference. Duren said he did not want to proceed to trial the following week. After further discussion, counsel reached an agreement which was memorialized in a written stipulation filed on January 22, 2009. It was signed by counsel for the Los Angeles defendants and by Duren on behalf of plaintiff.

The parties stipulated to stay the case pending resolution of the appeal from the summary judgment in favor of the Pasadena defendants. The stipulation provided that if the Pasadena judgment was affirmed, "thereby affirming the finding of probable cause, then the entire case will be dismissed with prejudice at that time as to all defendants" including the Los Angeles defendants. The stipulation stated that it was the product of extensive discussions between counsel for both parties before the court. All "parties agreed that the central issue to the entire lawsuit is the issue of probable cause. If probable cause existed for one police department, then it existed for both police departments, and Plaintiff's lawsuit would be without merit. However, if neither

3

department possessed probable cause to arrest Plaintiff, then his lawsuit should proceed before a jury."

On January 22, 2009, the trial court issued an order accepting the stipulation of the parties and staying the case pending resolution of the appeal from the summary judgment in favor of Pasadena. (We refer to this as the January 2009 stipulated order.) It also included the language providing for dismissal of the Los Angeles defendants if the Pasadena summary judgment was affirmed on appeal.

The parties appeared for a status conference on April 27, 2009. At that time, plaintiff's attorney Duren informed the court that he had signed the stipulation without the authority or consent of his client, and that he had done so by mistake, inadvertence, and neglect. Attorney Jeffrey Cohen, also appearing for plaintiff, asked the court to set aside the January 2009 stipulated order. The court declined to hear the oral motion and stated that a written motion was required.

Plaintiff then filed a motion to set aside the provisions of the January 2009 stipulated order providing for dismissal of the case against the Los Angeles defendants if the Pasadena judgment was affirmed. The motion was brought pursuant to section 473, subdivision (b) and under the equitable power of the court to set aside an order entered by extrinsic fraud. The factual basis was that attorney Duren signed the stipulation without the knowledge, consent or authority of plaintiff. The motion noted that the stipulation did not have a signature block for plaintiff's signature. Plaintiff took the position that Duren lacked the authority to stipulate to dispose of substantive claims as opposed to procedural matters.

The motion to set aside the stipulation invoked the mandatory provision of section 473, subdivision (b) which applies when an attorney's mistake, inadvertence, surprise, or neglect has resulted in a default or dismissal entered against his or her client. It was supported by a declaration of fault executed by Duren. In his declaration, Duren said he signed the stipulation without the knowledge, consent or authority of plaintiff. Plaintiff also provided a declaration stating that he had not authorized his attorney to consent to the dismissal of his claims against the Los Angeles defendants based on the outcome of

4

the Pasadena appeal. He also stated he had not ratified the stipulation. Alternatively, plaintiff argued the order on stipulation should be set aside because Duren's signature constituted excusable neglect, establishing extrinsic fraud as a basis to set aside the order. Plaintiff argued that the Los Angeles defendants would not be prejudiced by setting aside the order because they would have the opportunity to defend the action on the merits.

The Los Angeles defendants opposed the motion to set aside the January 2009 stipulated order on the grounds that plaintiff had failed to establish that the conduct of his attorney amounted to excusable neglect as required by section 473, subdivision (b). They argued that plaintiff had not shown that a reasonably prudent person would have made the same mistake here, especially since Duren did not explain why he signed the stipulation without his client's authorization. The defendants argued that Duren acted intentionally in an effort to avoid trial. They pointed out that Duren had two days between the final status conference on January 20 and the signing of the stipulation on January 22 to obtain his client's authorization. The Los Angeles defendants argued that they would be prejudiced if the motion was granted because trial preparation would be required again and memories were likely to have diminished in the ensuing time.

On July 17, 2009, the trial court ruled that mandatory relief was not available under section 473, subdivision (b) because no judgment or dismissal had been entered yet. It also declined discretionary relief because conduct by an attorney falling below the professional standard of care is not considered excusable neglect within the meaning of section 473. It found no basis for relief had been demonstrated under either extrinsic fraud or extrinsic mistake. The court noted that if and when the appeal from the Pasadena summary judgment was decided and a dismissal of the Los Angeles defendants entered pursuant to the January 2009 stipulated order, plaintiff could seek relief under the mandatory provisions of section 473, subdivision (b).

On May 27, 2010, we issued our unpublished opinion in *Markowitz v. City of Pasadena*, *supra*, B213609, affirming summary judgment in favor of the Pasadena defendants. We found no issue of material fact precluding summary judgment and ample probable cause to justify plaintiff's arrest for making a criminal threat. On June 29, 2010,

5

the Pasadena defendants filed notice of entry of judgment based on our affirmance of the summary judgment on appeal.

At a status conference on June 15, 2010, the trial court was reminded of the terms of the 2009 stipulation and that the Pasadena summary judgment had been affirmed on appeal. The same day, plaintiff filed a renewed motion to set aside the January 2009 stipulated order.

Neither counsel for plaintiff nor plaintiff appeared at the July 12, 2010 hearing on the renewed motion. The trial court denied the motion, finding that section 473, subdivision (b) did not apply. It reasoned: "Plaintiff's counsel performed an affirmative act in entering into the subject stipulation, and plaintiff remains bound by that stipulation." The court advised the parties that upon the filing of the remittitur in the Pasadena defendants' appeal, it intended to enter an order dismissing the complaint with prejudice as to the Los Angeles defendants based upon the stipulation and January 2009 stipulated order. Counsel for the Los Angeles defendants was directed to file a proposed order consistent with the stipulation once the remittitur was filed, but no proposed order of dismissal appears in the record.[2] Counsel for the Los Angeles defendants gave notice of the court's ruling. On August 24, 2010, plaintiff purported to appeal from the July 12, 2010 minute order denying his renewed motion to vacate. He attached the unsigned minute order of July 12, 2010 (*Markowitz v. City of Los Angeles* (*Markowitz II*).

On August 30, 2010, the remittitur in the appeal from the judgment in favor of the Pasadena defendants (case No. B213609) was filed.

After briefing and argument, in an unpublished opinion filed on January 10, 2012, this court dismissed plaintiff's appeal in *Markowitz II* from the July 12, 2010 minute order denying him relief under section 473 because it was taken from a nonappealable minute order. We concluded that until the trial court issued a valid judgment of dismissal, there was no basis for appellate jurisdiction. (*Markowtiz II*, *supra*, B226870.)

---

[2] Counsel for the Los Angeles defendants informed counsel for plaintiff that she had never received a copy of the July 12, 2010 minute order and for that reason had not prepared the order of dismissal as directed.

6

The remittitur in that appeal was filed in the Los Angeles Superior Court on March 19, 2012.

In October 2012, plaintiff moved for an order dismissing the Los Angeles defendants pursuant to the January 2009 stipulation order and the opinion affirming the judgment in favor of the Pasadena defendants. At the hearing on the motion on December 13, 2012, the trial court ordered the dismissal of the Los Angeles defendants, and on January 20, 2013, the order of dismissal with prejudice was filed. On February 26, 2013, plaintiff filed an appeal from the order of dismissal.

In this appeal, plaintiff asks that we take judicial notice of the record in *Markowitz II*, *supra*, B226870, "and to reach the merits of that appeal as part of this appeal". We decline to address the merits of an appeal that was dismissed. But we do address the merits of plaintiff's argument that the January 2009 stipulated order should be vacated in this appeal.

**DISCUSSION**

I

We first dispose of a procedural issue. The Los Angeles defendants claim this appeal is untimely because the record on appeal contains a June 15, 2010 minute order signed and entered by the court, and the appeal period began to run when that order was filed. The minute order of that date states that a status conference had been held and that the Pasadena defendants were out of the case. It erroneously states that the appeal "RE L.A. CITY PORTION HAS BEEN COMPLETED." It continues: "PURSUANT TO COURT OF APPEAL ORDER, THIS COURT ORDERS CITY OF L.A. DISMISSED, WITH PREJUDICE. [¶] COURT NOTES THAT THIS ENDS THE CASE." A stamp of the trial court judge's signature and name is placed on the minute order. After that, the minute order states: "Dismissal so ordered: Hon. Amy D. Hogue, Judge." A handwritten notation states: "Your proposed Order of Dismissal is moot? (And P of S is unsigned.) [¶] D34 [case was heard in Department 34]."

7

The Los Angeles defendants claim that nothing that occurred subsequent to the filing of this minute order changed the date of entry of judgment. That is incorrect. When this minute order was issued, the remittitur in the appeal from the judgment in favor of the Pasadena defendants (case No. B213609) had not issued. It was filed in the superior court on August 30, 2010. It was the filing of the remittitur that triggered the stipulation to dismiss the Los Angeles defendants. (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1493 [appellate order, contained in disposition, does not become effective until the remittitur issues].) We conclude that the appeal is timely.

II

Plaintiff argues the judgment of dismissal should not have been entered because the stipulation was not binding on him since he did not approve it. We conclude that plaintiff's attorney Duren was not authorized to enter into the stipulation agreeing to dismiss all claims against the Los Angeles defendants if the Pasadena summary judgment was affirmed on appeal. Plaintiff cannot be bound by an unauthorized stipulation which impaired his substantive rights.

Under section 473, subdivision (d), the court "may, on motion of either party after notice to the other party, set aside any void judgment or order." We conclude that the trial court should have granted the motion to vacate the order on the stipulation under this statute.

The authority of an attorney to enter into stipulations on behalf of a client is limited. An "attorney is authorized by virtue of his employment to bind the client in procedural matters arising during the course of the action *but he may not impair the client's substantial rights or the cause of action itself*." (*Linsk v. Linsk* (1969) 70 Cal.2d 272, 276, italics added (*Linsk*).) In *Linsk*, a divorce action, the original proceedings ended in mistrial due to the disability of the trial judge who had heard the evidence. Over the express objection of his client, the wife's attorney stipulated that the case could be decided by a different judge based solely on the record of the previous proceeding. (*Id.* at p. 275.) The attorneys for both parties and the presiding judge were aware of the wife's

8

objection to this proposal. Since the attorney lacked the authority to waive the wife's substantive rights, the Supreme Court reversed the judgment against the wife. It reasoned that an attorney may not compromise his client's claim. (*Id*. at pp. 277–278.)

*Romadka v. Hoge* (1991) 232 Cal.App.3d 1231 (*Romadka*) also is on point. In that case, counsel for plaintiffs mistakenly dismissed an action pending in Santa Clara County with prejudice rather than without prejudice. Before the dismissal, the complaint had been refiled in Santa Cruz County. The defendants raised the bar of res judicata in the Santa Cruz action based on the dismissal with prejudice of the Santa Clara County complaint. Now aware of their error, counsel for plaintiffs moved to vacate the dismissal with prejudice in Santa Clara County, but the motion was denied. The Santa Cruz complaint was dismissed. (*Id*. at p. 1234.) The plaintiffs appealed. (*Id*. at p. 1235.)

The *Romadka* court relied on *Linsk*, *supra*, 70 Cal.2d 272, in applying the principle that an attorney is not authorized to impair the client's substantial rights or a cause of action itself. (232 Cal.App.3d at pp. 1235–1236.) It concluded: "Clearly a dismissal with prejudice disposes of the client's substantive rights and therefore requires for its validity the authorization of the client." (*Id*. at p. 1236.) The court cited *Bowden v. Green* (1982) 128 Cal.App.3d 65, in which the Court of Appeal reversed a judgment dismissing a cross-complaint without the client's authorization. The *Bowden* court reasoned: "Because counsel's dismissal stipulation was wholly unauthorized and was made without the knowledge or consent of his clients, it could not form the basis of a valid judgment." (*Id*. at pp. 73–74.) From this the *Romadka* court concluded that "[a]n attorney's unauthorized disposition of clients' substantive rights is invalid and a judgment based thereon is therefore void." (232 Cal.App.3d at p. 1236, citing *Whittier Union High Sch. Dist. v. Superior Court* (1977) 66 Cal.App.3d 504, 507–509 (*Whittier*) [unauthorized dismissal of action without knowledge and consent of client is voidable and may be vacated at any time].)

In *Romadka*, *supra*, 232 Cal.App.3d 1231, the Court of Appeal reversed the denial of the motion to vacate the dismissal with prejudice and the ensuing judgment in Santa Cruz County. It held that the order denying a motion to vacate a judgment on the ground

9

that the judgment is void can be directly attacked on appeal under Code of Civil Procedure section 904.1, subdivision (b).  (*Romadka,* at p. 1237.)

The Los Angeles defendants acknowledge this line of authority, but take the position that plaintiff failed to overcome the presumption that his attorney acted with authority in entering into the January 2009 stipulation.  They cite *Whittier*, *supra*, 66 Cal.App.3d at p. 509, for the proposition that an action to vacate an unauthorized dismissal "requires strong and convincing proof, and the longer the delay in the application for relief the stronger and more convincing the actual proof should be." While this is an accurate quotation from *Whittier*, the disposition of that case does not support the position taken by the Los Angeles defendants.  The *Whittier* court held that the plaintiffs were properly relieved from the judgment in spite of the absence of any true extrinsic fraud or extrinsic mistake.  (*Id*. at p. 507.)  It held that the unauthorized action remained voidable for an indeterminate period and that the unauthorized dismissal could be vacated within a reasonable time regardless of the time limitations in section 473 and the rules governing relief for extrinsic fraud or extrinsic mistake.  (*Id*. at pp. 507–508.)  In *Whittier*, it was undisputed that the dismissal was "wholly unauthorized and entered without any knowledge and consent of plaintiffs" and therefore could be vacated by the court at any time.  (*Id*. at p. 508.)

Our case is similar.  Attorney Duren's May 2009 declaration in support of the first motion to set aside the January 2009 stipulated order stated that he signed the stipulation "without the knowledge, consent or authority of my client, Plaintiff Philip Markowitz." He continued:  that "[a]t no time up until the present has Plaintiff expressed his consent or authority, or the ratification of, either the Stipulation or the Order."  Plaintiff's declaration in support of that same motion stated:  "At no time did I, nor do I now, consent, authorize or know about the 'Joint Stipulation Regarding Stay of Case and Dismissal of Defendant City of Los Angeles and All Los Angeles Police Officer Defendants' ('Stipulation') or the Order thereon ('Order').  At no time have I ever consented to or authorized the dismissal of my claims against the City of LA Defendants in any manner, including but not limited to the dismissal thereof based upon the outcome

10

of the appeal pending with the City of Pasadena Defendants, through my attorneys or otherwise. [¶] Furthermore, at no time have I ratified the Stipulation or the dismissal of the City of LA Defendants contemplated by the Stipulation and/or Order thereon. [¶] It is my intention to retain all of my substantive rights in this case, including my rights to have a trial on the merits of all of my claims against the defendants in this action, including but not limited to the City of LA Defendants."

The declarations in support of the renewed motion to set aside, filed in June 2010, are to the same effect. Duren declared that he signed the stipulation "without the knowledge, consent or authority" of plaintiff. He declared that plaintiff had not expressed his consent or authority or ratification of the stipulation or order up to the time the declaration was executed in June 2010. Duren explained that he first advised the court of his unauthorized execution of the stipulation at a status conference on April 27, 2009. He said that when he entered into the stipulation, "I was acting on the mistaken belief that the only issue to be tried against the City of Los Angeles Defendants was the issue of whether they had probable cause to arrest plaintiff." If that is what he believed, Duren was indeed mistaken. As to the Los Angeles defendants, the issue of torts committed in execution of the arrest remained, whether the Pasadena defendants were dismissed or not.

In response to this uncontroverted evidence, the Los Angeles defendants invoke the principle that an agent's authority may be established by circumstantial evidence, a factual finding that may not be disturbed if supported by substantial evidence. In support of this argument, they cite *Ripani v. Liberty Loan Corp.* (1979) 95 Cal.App.3d 603 (*Ripani*). The case is distinguishable. It concerns the authority of an agent to enter into a contract rather than an attorney's conduct impairing a client's substantial rights. The *Ripani* court applied general agency principles regarding circumstantial evidence of actual or ostensible authority of an agent to act on behalf of a principal. (*Id*. at p. 611.) The case did not involve unauthorized conduct by an attorney where the evidence before the court is that the client did not know of the action and did not consent to, authorize, or ratify it.

11

"There is a rebuttable presumption that an attorney has authority to settle a case on behalf of his or her client. [Citations.]" (*Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 538.) The Los Angeles defendants argue that plaintiff "presented no evidence he expressly prohibited Mr. Duren from obtaining the desired continuance by tying the Los Angeles claims to those of Pasadena." They contend that there are factual questions as to whether and when plaintiff learned of Duren's actions, and what action, if any, he took as a result. Their argument is that the trial court was entitled to rely on its knowledge of the circumstances under which the stipulation was reached to deny relief, in particular, the delay in bringing the issue to the attention of the court in April 2009.

This position is contrary to the cases we have discussed. It is plaintiff's burden to establish that his attorney's conduct was unauthorized, taken without his knowledge or consent. The declarations of Duren and plaintiff satisfied this burden and overcame any presumption that Duren had authority to enter into the stipulation.

The Los Angeles defendants also argue there is substantial evidence to support a finding of ratification. No such evidence has been presented, and the trial court made no finding of ratification in either the July 17, 2009 order denying the first motion to set aside the stipulation, or in the July 12, 2010 minute order.

We conclude that the stipulation and the resulting orders, including the dismissal of the Los Angeles defendants, must be vacated because attorney Duren was not authorized to dismiss plaintiff's claims against the Los Angeles defendants in the event the judgment for the Pasadena defendants was affirmed. "'An attorney does not, *without specific authorization*, possess the power or authority to bind his client to a compromise settlement of pending litigation.' [Citation.] Where, as here, an attorney makes a clerical mistake that results in a settlement on terms clearly not authorized by his client, the public policy favoring settlements has no force. (See *Romadka, supra*, 232 Cal.App.3d at p. 1237.) Rather, the client, in the interests of justice, should be 'given an opportunity to have' his 'respective rights . . . tried and adjudicated.' [Citations.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 260.)

## DISPOSITION

The order of dismissal, the January 2009 order on stipulation, and the stipulation of January 22, 2009 are vacated and the matter remanded to the trial court.  The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

13