Filed 10/22/21  Linco Custom Picture Framing v. Marketing Fundamental CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LINCO CUSTOM PICTURE FRAMING, INC., | B305852 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC529071) |
| v. | |
| MARKETING FUNDAMENTAL INCORPORATED et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Joseph R. Cruse, Jr., for Defendants and Appellants.

Law Offices of Steven L. Martin and Steven L. Martin for Plaintiff and Respondent.

# I. INTRODUCTION

Defendants Marketing Fundamental Incorporated and Jing Y. Lai (defendants) appeal from the trial court's entry of judgment following an order vacating a prior dismissal. Defendants contend that the court erred in granting a motion filed by plaintiff Linco Custom Picture Framing, Inc. to vacate the prior dismissal pursuant to Code of Civil Procedure[1] section 473, subdivision (b) and, in the alternative, erred by failing to award defendants attorney fees and costs. We affirm.

# II. BACKGROUND

## A. *Prior Appeal*[2]

On August 25, 2014, plaintiff filed a first amended complaint against defendants, alleging claims for intentional misrepresentation and making a promise without intending to perform it.

On November 13, 2017, plaintiff's counsel filed a notice of settlement, explaining that the parties had entered into a settlement agreement. Then, on January 12, 2018, plaintiff's counsel filed a request for dismissal of the entire action with

---

[1]     Further statutory references are to the Code of Civil Procedure.

[2]     We recite the background facts based on our earlier opinion in *Linco Custom Picture Framing, Inc. v. Marketing Fundamental Incorporated* (Aug. 14, 2019, B291306) [nonpub. opn.] (*Linco I*).

prejudice. That same date, the court clerk entered an order of dismissal.

When defendants allegedly failed to perform their obligations under the settlement agreement, plaintiff, on May 8, 2018, filed an ex parte application for entry of judgment pursuant to stipulation.

On May 11, 2018, the trial court granted plaintiff's application and entered judgment in favor of plaintiff and against defendants in the amount of $33,333.32, with interest to accrue from May 10, 2018. Defendants timely filed a notice of appeal from that judgment.

On August 14, 2019, we filed our opinion reversing the judgment. We concluded that the trial court lacked jurisdiction to issue its order granting plaintiff's application for entry of judgment because it had earlier dismissed the action with prejudice. (*Linco I, supra,* B291306.)

On remand, the trial court ordered that the judgment be set aside and vacated and noted that the "[d]ismissal of entire action to remain as filed . . . ."

B. *Plaintiff's Motion to Vacate Dismissal*

On September 30, 2019, plaintiff filed a motion to vacate the prior dismissal pursuant to section 473, subdivision (b), and, on November 25, 2019, it filed an amended motion. In support of its motion, plaintiff submitted a declaration in which counsel explained that pursuant to the terms of a settlement agreement entered into by the parties, dismissal of the matter was conditioned upon the completion of the terms of the agreement. Counsel further explained that even though the terms of the

3

settlement agreement had not been satisfied, and while taking narcotics as part of his post-surgery recuperation, counsel signed a request for dismissal that had been prepared by his assistant. Counsel declared that he did not have authority from his client to dismiss the lawsuit and first realized what he had done on May 10, 2018.  In July 2019, he informed [plaintiff] "about the filing of the [r]equest [for dismissal] when discussing the appeal filed by [d]efendants . . . ."

Defendants opposed the motion, arguing, among other things, that plaintiff was not entitled to relief under section 473, subdivision (b) because plaintiff's motion, which was filed more than six months from the dismissal order, was untimely. Defendants also asserted that granting plaintiff relief was contrary to section 473's policy of having cases heard on the merits.  Defendants did not request attorney fees in the event the court granted the motion.

On January 7, 2020, the trial court conducted a hearing on plaintiff's motion and took the matter under submission.[3]  On January 24, 2020, the court granted plaintiff's motion and issued a ruling in which it rejected defendants' argument that the motion was untimely.  The court found that counsel had acted without his client's authorization and the dismissal order therefore was void and could be vacated at any time.  The court credited counsel's statement that he lacked authority to dismiss the complaint, noting that it was "corroborated by the settlement agreement's provision that [plaintiff] shall seek dismissal 'within three (3) days of the final payment' under the settlement."

---

[3]     The record does not include a transcript of the hearing or a suitable substitute such as a settled or agreed statement.

4

On February 14, 2020, plaintiff filed an ex parte application for entry of judgment pursuant to the terms of the settlement agreement signed by the parties.  Plaintiff requested a judgment in the amount of $33,333.32.  On February 19, 2020, the trial court granted plaintiff's application and entered judgment. Defendants timely filed a notice of appeal.[4]

## III.  DISCUSSION

A.    *Section 473, Subdivision (b) Motion*

1.    <u>Applicable Law</u>

"Section 473, subdivision (b) provides for two distinct types of relief—commonly differentiated as 'discretionary' and 'mandatory'—from certain prior actions or proceedings in the trial court.  'Under the discretionary relief provision, on a showing of "mistake, inadvertence, surprise, or excusable neglect," the court has discretion to allow relief from a "judgment, dismissal, order, or other proceeding taken against" a party or his or her attorney.  Under the mandatory relief provision, . . . upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect," the court shall vacate any "resulting default judgment or dismissal entered."' [Citation.]  . . .  The mandatory provision further adds that 'whenever relief is granted based on

_____

[4]    In its respondent's brief, plaintiff asserts that defendants waived their right to appeal in the settlement agreement but does not otherwise move to dismiss the appeal.  In considering the merits of defendants' appeal, we do not decide, one way or the other, whether defendants waived their appeal rights.

5

an attorney's affidavit of fault [the court shall] direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties.'" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124.)

"As the statute itself provides, application for relief 'shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.'" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420, emphasis omitted.) The six-month period for filing motions, however, does not apply to motions to vacate a dismissal on the grounds that the attorney who filed the request for dismissal "wholly lacked power to dismiss the cause and acted beyond the scope of his authority in dismissing his clients' complaint . . . ." (*Whittier Union High Sch. Dist. v. Superior Court* (1977) 66 Cal.App.3d 504, 507–508 (*Whittier Union High Sch. Dist.*).) "'"[T]he law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation . . . ."'" (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 583.) Accordingly, if the attorney wholly lacked power to dismiss the cause and acted beyond the scope of his authority, the "action remained voidable for an indeterminate period, and [the attorney's] clients could vacate the unauthorized dismissal within a reasonable time after learning of it, *regardless of the time limitations in section 473* and regardless of rules governing relief in instances of extrinsic fraud or extrinsic mistake." (*Whittier Union High Sch. Dist., supra*, 66 Cal.App.3d at pp. 507–508, italics added; accord, *Romadka v. Hoge* (1991) 232 Cal.App.3d 1231, 1236.)

6

2.    Analysis

Defendants contend that the trial court erred in granting plaintiff's motion because it was filed more than six months after the court entered the order of dismissal.  We disagree.  The court credited plaintiff's counsel's statement that he lacked authority to file the request for dismissal.  (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 415 ["In reviewing the trial court's factual findings regarding excuse and diligence, we defer to the trial court's assessments of credibility and the weight of the evidence and do not interfere with its determinations of these matters"].)  The six-month period for filing the section 473, subdivision (b) motion therefore did not apply.  (*Whittier Union High Sch. Dist., supra*, 66 Cal.App.3d at pp. 507–508.)

Next, defendants cite *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 145–146, and similar cases, to argue that mandatory relief under section 473, subdivision (b) is only available for dismissals that are the equivalent of a default judgment and thus unavailable where, as here, a plaintiff causes the dismissal.  As we discuss above, and contrary to defendants' contention, a court may vacate a dismissal even where, as here, the request for dismissal was filed by plaintiff's counsel.  (See *Whittier Union High Sch. Dist., supra*, 66 Cal.App.3d at pp. 507–508.)

Defendants also contend that the trial court's order is contrary to the legislative policy "'to have every litigated case tried upon its merits. . . .'"  Defendants do not, however, articulate how such a policy supports a finding that the court erred or how the court's order vacating the earlier dismissal of the complaint is contrary to a policy of trying a case on its merits.

7

On this record, we conclude that the court did not abuse its discretion by granting plaintiff relief.

B.    *Attorney Fees*

Defendants alternatively argue that plaintiff's counsel should be ordered to pay their reasonable fees and costs. (See § 473, subd. (b) ["The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties"].) Defendants have forfeited any such argument by failing to request fees in the trial court. (See *Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 264, fn. 9 [as a general rule, issues not raised before trial court cannot be raised for first time on appeal].)

## IV.  DISPOSITION

The judgment is affirmed.  Plaintiff Linco Custom Picture Framing, Inc. is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

9