Filed 8/20/24  Viani v. Fair Oaks Estates CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MIRANDA VIANI et al., | |
| Plaintiffs and Appellants, | C099457 |
| v. | (Super. Ct. No. 34-2020-00280046-CU-PO-GDS) |
| FAIR OAKS ESTATES, INC., | |
| Defendant and Respondent. | |

Miranda Viani, Robert Baker, and Michael Baker (collectively plaintiffs) sued Fair Oaks Estates, Inc. (Fair Oaks Estates or defendant), operator of an assisted living facility, asserting causes of action for wrongful death, negligence, and breach of contract arising from the death of Debra Baker (the decedent).  After the trial court granted defendant's summary adjudication motion with respect to the wrongful death and negligence claims, plaintiffs' attorney obtained dismissal of the entire action without prejudice as a strategic attempt to appeal the summary adjudication decision.  In an unpublished decision, this court dismissed that appeal for lack of appellate jurisdiction.  (*Viani v. Fair Oaks Estates, Inc.* (Apr. 18, 2023, C094672) [nonpub. opn.].)  Thereafter, plaintiffs filed a motion in the trial court to set aside their voluntary dismissal of the lawsuit under Code of Civil Procedure section 473.[1]  The trial court denied the motion.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

Plaintiffs now seek to appeal from the denial of their motion to set aside the dismissal, contending the trial court was required to grant them relief (1) under the mandatory and discretionary provisions of section 473, subdivision (b), or (2) because their attorney lacked authority to dismiss the lawsuit. But the order denying the motion to set aside the dismissal is not an appealable order. Accordingly, we will dismiss this appeal.

BACKGROUND

Plaintiffs sued Fair Oaks Estates based on an alleged injury sustained by the decedent while a facility employee moved her. Plaintiffs alleged the injury caused the decedent's health to suddenly deteriorate, resulting in her death eight days later.

The trial court granted a motion by Fair Oaks Estates for summary adjudication as to the negligence and wrongful death causes of action. Rather than proceed to trial on the remaining breach of contract claim, plaintiffs' attorney sought to challenge the summary adjudication decision in an appeal to this court. He did so by voluntarily dismissing the entire action without prejudice. He then appealed from that voluntary dismissal. This court dismissed the appeal, concluding "a voluntary dismissal without prejudice is not a final judgment appealable on the merits." (*Viani v. Fair Oaks Estates, Inc., supra*, C094672.)

Plaintiffs then filed in the trial court a motion to set aside the voluntary dismissal under section 473. Plaintiffs argued the trial court should set aside the dismissal because plaintiffs did not know the dismissal would occur or the impact it would have on their lawsuit, and thus their attorney lacked authority to dismiss the case on their behalf. Plaintiffs also argued the dismissal should be set aside under the discretionary and mandatory provisions of section 473, subdivision (b), because the dismissal resulted from their attorney's mistaken belief that dismissing the case would allow them to appeal the summary adjudication ruling, and counsel submitted a declaration accepting

2

responsibility for his mistake. Plaintiffs submitted two declarations in support of their motion, which we will describe in the discussion portion of this opinion.

Fair Oaks Estates opposed the motion to set aside the voluntary dismissal, arguing the declarations did not establish that plaintiffs' attorney lacked authority to dismiss the case, plaintiffs' counsel's strategic decision to dismiss the case in an attempt to obtain appellate jurisdiction over the summary adjudication ruling is not the type of mistake, inadvertence, or excusable neglect contemplated by the discretionary provision of section 473, subdivision (b), and relief was not available under the mandatory provision of section 473, subdivision (b) because the dismissal was not obtained due to a failure to act, but rather because plaintiffs' counsel strategically dismissed the lawsuit.

The trial court denied the motion. We set forth relevant portions of the trial court's ruling in the discussion portion of this opinion.

## DISCUSSION

Plaintiffs contend the trial court was required to grant them relief under the mandatory and discretionary provisions of section 473, subdivision (b), or because their attorney lacked authority to dismiss the lawsuit. But there is a threshold question of appealability.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by [section 904.1]." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

Plaintiffs seek to appeal from the order denying their motion to set aside the voluntary dismissal. According to plaintiffs' statement of appealability, this denial "led to dismissal of the case and a final judgment." However, the trial court's denial of the motion to set aside the dismissal did not lead to dismissal of the case. Plaintiffs had previously voluntarily dismissed the case, and they were asking the trial court to undo

3

the voluntary dismissal. Plaintiffs do not cite to a final judgment in the record following the trial court's denial of their motion to set aside the dismissal.

We conclude the trial court's order denying the motion to set aside the voluntary dismissal was not an appealable order made after a final, appealable judgment, within the meaning of section 904.1, subdivision (a)(2).[2] As this court explained when it dismissed plaintiffs' first appeal, a voluntary dismissal without prejudice is not an appealable judgment. (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365 (*H.D. Arnaiz*); *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354.) Because the underlying voluntary dismissal was not an appealable judgment, the trial court's order denying plaintiffs' motion to set aside that dismissal was not an order made after a final, appealable judgment. (*Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 171 (*Gray*) ["denial of a motion to vacate a nonappealable order is itself nonappealable"].) Where an appeal is taken from a nonappealable order, the appeal must be dismissed. (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)

This does not mean an aggrieved party has no means of challenging an order denying a motion to set aside a voluntary dismissal. Such an order may be challenged by a petition for a writ of mandate. (See, e.g., *H.D. Arnaiz, supra*, 96 Cal.App.4th at p. 1366; *Gray, supra*, 52 Cal.App.4th at pp. 170-171.)

Although we have discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, we do so only in unusual and extraordinary circumstances compelling enough to justify issuance of such a writ in the first instance. (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055; accord *H.D. Arnaiz, supra*, 96 Cal.App.4th at pp. 1366-1367.) But no such extraordinary circumstances exist here.

Plaintiffs' assertion that the trial court was required to set aside the voluntary

---

[2] The notice of appeal also cites section 904.1, subdivision (a)(3)-(13) as a basis for appealability, but none of those paragraphs apply.

4

dismissal under the discretionary provision of section 473, subdivision (b) appears to be unfounded. That provision states in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a . . . dismissal . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) It only permits relief from attorney error fairly imputable to the client, i.e., mistakes anyone could have made. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) But here, as the trial court explained when it denied plaintiffs' motion, plaintiffs' counsel's erroneous procedural strategy of voluntarily dismissing the case in order to obtain appellate review of the summary adjudication ruling was not a mistake that a reasonably prudent person under the same circumstances might have made, such as a typographical error. (*Zamora,* at p. 259.)

Plaintiffs' assertion that the trial court was required to grant relief under the mandatory provision of section 473, subdivision (b) appears to also be unfounded. That provision states, in relevant part, that "the court shall, whenever an application for relief is . . . accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) "Although the statutory language 'on its face, "affords relief from unspecified 'dismissal' caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' [citations] to undo dismissals of civil cases." [Citation.] Courts have limited the application of the mandatory provision to those dismissals procedurally equivalent to defaults. [Citations.] " '[A] default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded

5

where the failure to appear is the fault of counsel. Similarly, under our view of the statute, a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel. . . .' " [Citations.] This interpretation is consistent with the statute's policy to put plaintiffs whose cases are dismissed for counsel's failure to respond to the dismissal motion on the same footing as defendants who have defaulted because of counsel's failure to respond.' [Citation.]" (*Pagnini v. Union Bank, N.A.* (2018) 28 Cal.App.5th 298, 303.)

Here, as the trial court observed, the voluntary dismissal "is not equivalent to a default, nor is it the result of the failure to oppose a motion for dismissal." Instead, plaintiffs' attorney strategically dismissed the case in order to pursue an appeal. This is not a failure to act that is the procedural equivalent of a failure to appear resulting in a default judgment. (See *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 683 [the mandatory provision is inapplicable "where there was no complete failure to oppose," but rather the opposition was substantively inadequate].)

Finally, plaintiffs have offered no compelling reason for this court to conclude their attorney lacked the authority to dismiss the case. Although the trial court may "set aside any void judgment or order" at any time (§ 473, subd. (d)), " 'such action requires strong and convincing proof . . . .' " (*Romadka v. Hoge* (1991) 232 Cal.App.3d 1231, 1236.) The trial court concluded that the declarations filed in support of plaintiffs' motion fell short of this standard. Plaintiff Viani submitted a declaration stating: "We were unaware of the fact that the case was to be dismissed. Had we known of the dismissal and its ramifications, we would not [have] authorized the dismissal." She also stated that "the case . . . was dismissed without our consent, or in the alternative, was a result of inadvertence, mistake and/or excusable neglect." Plaintiffs' attorney also submitted a declaration stating: "In order to obtain appellate jurisdiction as to the [negligence and wrongful death] causes of action . . . I dismissed the remainder of

6

the case, without prejudice.  Plaintiffs were unaware of the dismissal."  He indicated that "the dismissal was made without Plaintiffs' consent and/or was based on my inadvertence, mistake and neglect."

The trial court concluded the declarations did not convincingly demonstrate that plaintiffs' attorney never obtained authorization to file the dismissal.  This was not an abuse of discretion.  Plaintiff Viani's declaration suggests that while she, and perhaps the other plaintiffs, did not know the case would be dismissed at the time counsel acted, they thereafter "authorized the dismissal," but would not have done so had they been aware of the "ramifications," i.e., that such a dismissal would not confer the appellate jurisdiction they sought.  Moreover, the record in this appeal does not include a reporter's transcript of the hearing at which the trial court heard argument on the motion.  We therefore do not know whether anything was said during that hearing that might have impacted the trial court's assessment of the declarations.

For all of the foregoing reasons, we decline to exercise our discretion to treat this inoperative appeal as a petition for writ of mandate.

DISPOSITION

The appeal is dismissed.  Fair Oaks Estates is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
FEINBERG, J.

7