[No. G034437. Fourth Dist., Div. Three. May 31, 2005.]

CAL WEST NURSERIES, INC., Petitioner, v.
SUPERIOR COURT OF ORANGE COUNTY, Respondent;
A.J. WEST RANCH, LLC, Real Party in Interest.

## Counsel

Borton, Petrini & Conron, Michael F. Long and Cari S. Baum for Petitioner.

No appearance for Respondent.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Cary L. Wood for Real Party in Interest.

## Opinion

**RYLAARSDAM, Acting P. J.**—Where lawyers appear in an action against a party whom they represent in another, though unrelated, action, they must be disqualified. Here real party in interest's lawyers appeared under these circumstances but, when the conflict was called to their attention, they withdrew from the representation only insofar as the pleadings involved rights and duties between their two clients. However they continued to represent a second client as against parties other than their original client. The duty of loyalty to the original client prohibits the lawyers from representing the second client to any extent in the action.

### FACTS

Gary and Patricia Hodges filed an action in the Orange County Superior Court entitled *Hodges v. City of Lake Forest* alleging personal injuries resulting from an automobile accident; defendants included Brongo Construc-

tion (Brongo) and real party in interest, A.J. West Ranch, LLC (Ranch). Ranch filed a cross-complaint for equitable indemnity and contribution against, among others, Brongo and petitioner Cal West Nurseries, Inc. (Cal West). Cal West, in turn, filed a cross-complaint against Ranch and Brongo for implied indemnity and comparative apportionment.

Thereafter plaintiffs settled with defendants; Ranch and Brongo obtained orders for good faith settlement under Code of Civil Procedure section 877.6. Pursuant to section 877.6, the orders for good faith settlement discharged all cross-complaints, including Cal West's against Ranch and Brongo. Because Cal West was not a party to the settlement, Ranch's cross-complaint against Cal West remained viable. Ranch dismissed its cross-complaint against Brongo.

Shortly after the good faith determination, Ranch and Brongo jointly served an association of counsel, designating the firm of Lewis Brisbois Bisgaard & Smith, LLP (Lewis) as their cocounsel on the cross-complaints. When the association was filed, Lewis also represented Cal West in another, unrelated action.

After being associated in as cocounsel, Lewis served several deposition notices on behalf of Ranch, seeking to take the deposition of Cal West's employees and expert witnesses. When Cal West discovered that Lewis, its lawyers in the unrelated action, represented Ranch and Brongo in this lawsuit, it objected. Lewis thereupon cancelled the depositions and filed a document entitled "disassociation of counsel" (capitalization omitted) in which it stated it ceased representing Ranch as to its cross-complaint against Cal West and as to Cal West's cross-complaint against Brongo and Ranch. But, as alleged in the petition and admitted in the return, Lewis continued to represent Ranch and Brongo in their roles as cross-complainant and cross-defendant adverse "to all other parties in the matter." The record is not completely clear as to the identity of "all other parties." However, Lewis subsequently explained it was representing Ranch on cross-complaints by the City of Lake Forest and Willdan, two other parties to the action. Cal West moved to disqualify Lewis from continuing to represent Ranch. The motion was opposed by Lewis and denied by the trial court. This petition followed.

DISCUSSION

*Timeliness of Petition*

We first consider Ranch's claim that Cal West failed to timely file this petition. As a general rule, a writ petition should be filed within the 60-day period that applies to appeals. (*Popelka, Allard, McCowan & Jones v.*

*Superior Court* (1980) 107 Cal.App.3d 496, 499 [165 Cal.Rptr. 748].) The trial court signed the order denying the motion to disqualify Lewis on July 27, 2004. Although Ranch fails to direct us to the appropriate place in the record, it concedes that the order was served on August 6. The petition was filed on September 10, well within the 60 days. Without citing authority for the proposition, Ranch argues that the rule measuring the time to appeal from the service of an order or judgment does not apply to writs. We treat a point not supported by reasoned argument and citations to authority as waived. (*Jones v. Superior Court* (1998) 26 Cal.App.4th 92, 99 [31 Cal.Rptr.2d 264].)

*Standard of Review*

■ "Generally, a trial court's decision on a disqualification motion is reviewed for abuse of discretion. [Citations.]" (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 [86 Cal.Rptr.2d 816, 980 P.2d 371].) But "where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law." (*Id.* at p. 1144; see also *Santa Teresa Citizen Action Group v. City of San Jose* (2003) 114 Cal.App.4th 689, 710 [7 Cal.Rptr.3d 868].) The material facts here are not disputed and thus we will review the denial of the motion to disqualify Lewis as a question of law.

*Legal Background*

The trial court denied the motion in part based on a finding that Cal West "did not make any showing that material confidential information has been obtained . . . ." Because this case involves concurrent representation, the absence of a violation of confidentiality is irrelevant.

■ Two types of situations give rise to conflicts disqualifying counsel: concurrent representation and successive representation. The rules governing such conflicts differ. "Whether or not disqualification is required in successive representation cases depends upon two variables: '(1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation, and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation.' [Citation.]" (*Santa Teresa Citizen Action Group v. City of San Jose, supra,* 114 Cal.App.4th at p. 711.) This rule is based upon the potential violation of the lawyer's duty of confidentiality. (*Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal.App.4th 698, 706 [3 Cal.Rptr.3d 877].) "If a substantial relationship exists, courts will presume

that confidences were disclosed during the former representation which may have value in the current relationship. Thus, actual possession of confidential information need not be proven . . . ." (*Truck Ins. Exchange v. Fireman's Fund Ins. Co.* (1992) 6 Cal.App.4th 1050, 1056 [8 Cal.Rptr.2d 228].)

■  But the "substantial relationship" test does not apply where there is concurrent representation on behalf of and adverse to the same client. Absent informed written consent, a lawyer may not concurrently represent clients who have actual or potential conflicts; nor may a lawyer represent one client against another in an unrelated matter. (*Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th at pp. 1055, 1056; Rules Prof. Conduct, rule 3-310(C).) It is immaterial whether the lawyer possesses confidential information that could be misused to the prejudice of either client. (*Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th at pp. 1056–1057.) "The primary value at stake in cases of simultaneous or dual representation is the attorney's duty—and the client's legitimate expectation—of *loyalty*, rather than confidentiality." (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284 [36 Cal.Rptr.2d 537, 885 P.2d 950].) Thus, the rule prohibiting concurrent representation of adverse interests "is a *per se* or 'automatic' one. [Citations.]" (*Ibid.*)

*Disqualification of Lawyers*

Under this rule, does the fact that Lewis *did* assert Ranch's claims against Cal West prohibit the law firm from continuing to represent Ranch against other parties? Neither party was able to present us with authority directly on point. Nor are we aware of any. The closest case, on which Cal West relies and which Ranch claims does not apply, is *Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th 1050. In that action plaintiff Truck sought contribution from Fireman's Fund Insurance Co. (FFIC) for defense and indemnity expenses. After its first set of lawyers had been disqualified, Truck sought to substitute another firm as its counsel. Those lawyers were then representing FFIC in two unrelated actions. When FFIC refused to waive the conflict, the law firm substituted out as counsel for FFIC in the other actions and commenced representation of Truck. The trial court granted FFIC's motion to disqualify the lawyers, even though by the time the motion was heard they no longer represented FFIC in the unrelated actions. The appellate court affirmed.

In so doing, it phrased the issue as, "may the automatic disqualification rule applicable to concurrent representation be avoided by unilaterally converting a present client into a former client prior to hearing on the motion for

disqualification?" (*Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th at p. 1057.) Relying on a number of federal cases, the court answered the question in the negative. "By [its] action, [the law firm] must be viewed as having created the conflict. Having done so, [it] cannot . . . avoid application of the concurrent representation rule of disqualification by withdrawing from its representation of FFIC. [Citations.]" (*Id.* at p. 1059.)

Factually this case differs from *Truck Ins. Exchange.* Here Lewis partially substituted out as counsel for Ranch in the present action rather than substituting out as counsel for Cal West in the other action. Although the law firm no longer represented Ranch insofar as the litigation involved causes of action between Ranch and Cal West, it remained in the action to represent Ranch against other parties. Lewis argues this cures any conflict because Ranch and Cal West are no longer adverse to each other in the current action. We are not persuaded.

Ranch is still adverse to Cal West by virtue of its cross-complaint against Cal West, and Lewis admits that. The fact that Lewis does not represent Ranch on that cross-complaint does not eliminate the adverse relationship between the two parties. Thus, Lewis is representing two clients who are opponents in the same action. "A client who learns that his or her lawyer is also representing a litigation adversary, even with respect to a matter *wholly unrelated* to the one for which counsel was retained, cannot long be expected to sustain the level of confidence and trust in counsel that is one of the foundations of the professional relationship." (*Flatt v. Superior Court, supra,* 9 Cal.4th at p. 285.) Here, there is a sufficient adverse relationship between Ranch and Cal West to disqualify Lewis.

Lewis argues that for there to be a conflict, the parties must be *directly* adverse. But the cases it cites in support, *Morrison Knudsen Corp v. Hancock, Rothert & Bunshoft* (1999) 69 Cal.App.4th 223 [81 Cal.Rptr.2d 425] and *Brooklyn Navy Yard Cogeneration Partners v. Superior Court* (1997) 60 Cal.App.4th 248 [70 Cal.Rptr.2d 419], are distinguishable. They discuss whether a lawyer may represent a subsidiary corporation in one case and a party in opposition to the parent corporation in another. In response to an argument that an economic impact on the subsidiary will also affect the parent, the cases noted that any adverse effect would only be indirect or derivative. (*Morrison Knudsen Corp v. Hancock, Rothert & Bunshoft, supra,* 69 Cal.App.4th at p. 240; *Brooklyn Navy Yard Cogeneration Partners v. Superior Court, supra,* 60 Cal.App.4th at p. 256.) Both of these cases cited to a State Bar opinion that discussed this issue. (State Bar Formal Opn. No. 1989-113.) It, in turn, relied on Rules of Professional Conduct, rule 3-600, which governs representation of corporate clients.

■ The State Bar opinion "conceded that if the lawsuit against the subsidiary were successful, the outcome would have an adverse financial impact on the parent as sole shareholder. However, that impact would be indirect, and the attorney's duty of loyalty 'extends only to adverse consequences on existing clients which are "direct." . . . [W]ell-established legal authority interpreting the duty of loyalty limits the scope of ethical inquiry to whether the other affected clients are parties to the case or transaction in which the attorney is acting.' [Citation.]" (*Morrison Knudsen Corp v. Hancock, Rothert & Bunshoft, supra,* 69 Cal.App.4th at p. 240.) Thus it is plain that the issue of direct versus indirect opposition does not bear on the facts of this case.

We also reject Ranch's argument, based primarily on an ethics opinion issued by the New York City Bar Association, that limiting the scope of Lewis's representation avoids the conflict. The citation to the Restatement Third of Law Governing Lawyers, section 121, comment c(iii), page 249 is also unpersuasive. As quoted by Ranch, it states that " '[s]ome conflicts can be eliminated by an agreement limiting the scope of the lawyer's representation . . . .' " However, dictum in *Flatt* is more persuasive. It provides that there are exceptions to the per se rule against concurrent representation under certain circumstances: "[M]ost courts thus permit an attorney to continue the simultaneous representation of clients whose interests are adverse as to unrelated matters provided full disclosure is made and both agree in writing to waive the conflict. [Citations.] But this class of cases is a rare circumstance, . . . and overcoming the presumption of 'prima facie impropriety' is not easily accomplished. [Citations.]" (*Flatt v. Superior Court, supra,* 9 Cal.4th at p. 285, fn. 4.) Here, of course, if nothing else, there has been no written waiver by Cal West.

■ In sum, Lewis must be disqualified. Granted, this is an unusual set of facts. But on balance, in this context, the duty of undivided loyalty Lewis owes Cal West prevails. "If this duty . . . is violated, 'public confidence in the legal profession and the judicial process' is undermined. [Citation.]" (*Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th at p. 1057.) This overrides Ranch's right to retain counsel of its choice. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., supra,* 20 Cal.4th at p. 1145.)

In its reply, Cal West argues, for the first time, that Lewis should be disqualified from representing any party in the action. This is in response to Lewis's statement that even if it is disqualified from representing Ranch, it will continue to represent Brongo and thus Cal West "will gain nothing" from Lewis's disqualification. We will not consider a request made for the first time in the reply.

## DISPOSITION

The petition is granted. Let a writ of mandate issue directing the trial court to vacate its order denying petitioner's motion to disqualify Lewis Brisbois Bisgaard & Smith, LLP from representing real party in interest and to enter a new order disqualifying this law firm from representing real party in interest. Petitioner shall recover its costs incurred in these proceedings.

Moore, J., and Fybel, J., concurred.

A petition for a rehearing was denied June 30, 2005, and the petition of real party in interest for review by the Supreme Court was denied August 17, 2005. Werdegar, J., did not participate therein.