Filed 10/17/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NIXON PEABODY LLP, | B256871 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC483658) |
| v. | |
| SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, | |
| Respondent; | |
| CABOT GOLF CL-PP 1, LLC., et al. | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Michael L. Stern, Judge. Petition granted.

Hill, Farrer & Burrill, Kevin H. Brogan, Dean E. Dennis, and William A. Meyers, for Petitioner.

No appearance for Respondent.

Winsten Law Group and Michael S. Winsten, for Real Parties in Interest.

_____

Petitioner Nixon Peabody LLP seeks a writ of mandate directing the trial court to set aside its order granting real parties'[1] motion to vacate their voluntary dismissal under Code of Civil Procedure section 473, subdivision (d)[2] on the ground that the dismissal was void. Petitioner argues the trial court erred in its finding. We agree with petitioner and issue the writ.

## FACTUAL AND PROCEDURAL SUMMARY

The facts concerning the instant petition for writ are undisputed. In 2007, real parties purchased interests in two Florida golf clubs. Petitioner represented real parties in the transaction. On April 27, 2012, real parties initiated the underlying action in the Los Angeles County Superior Court against numerous entities, alleging that the private placement memorandum used was false and misleading and that petitioner failed in its duty to ensure proper disclosures were made to real parties. On advice of their new counsel, Michael S. Hull, real parties filed nearly identical suits in the United States District Court for the Eastern District of Texas on April 28, 2012, and in the United States District Court for the Central District of California on April 30, 2012.

Over the next several months, real parties actively litigated the three cases. Then, in November 2012, on Mr. Hull's advice, real parties dismissed the instant case and the federal action pending in the Central District of California, leaving only the federal action

[1] The real parties in interest are Cabot Golf CL-PP 1, LLC, Cabot Golf CL-PP 3, LLC, Cabot Golf CL-PP 4, LLC, Cabot Golf CL-PP 5, LLC, Cabot Golf CL-PP 6, LLC, Cabot Golf CL-PP 7, LLC, Cabot Golf CL-PP 8, LLC, Cabot Golf CL-PP 9, LLC, Cabot Golf CL-PP 11, LLC, Cabot Golf CL-PP 12, LLC, Cabot Golf CL-PP 13, LLC, Cabot Golf CL-PP 14, LLC, Cabot Golf CL-PP 15, LLC, Cabot Golf CL-PP 16, LLC, Cabot Golf CL-PP 17, LLC, Cabot Golf CL-PP 18, LLC, Cabot Golf CL-PP 19, LLC, Cabot Golf CL-PP 20, LLC, Cabot Golf CL-PP 21, LLC, Cabot Golf CL-PP 22, LLC, Cabot Golf CL-PP 23, LLC, Cabot Golf CL-PP 24, LLC, Cabot Golf CL-PP 25, LLC, Cabot Golf CL-PP 26, LLC, Cabot Golf CL-PP 28, LLC, Cabot Golf CL-PP 29, LLC, Cabot Golf CL-PP 30, LLC, Cabot Golf CL-PP 31, LLC, Cabot Golf CL-PP 32, LLC, Cabot Golf CL-PP 33, LLC, and Cabot Golf CL-PP 34, LLC.

[2] Subsequent section references are to the Code of Civil Procedure.

in the Eastern District of Texas. Doing so exposed real parties to the federal two-dismissal rule.[3] Realizing this, petitioner moved to dismiss the Texas case under this rule, arguing real parties' second voluntary dismissal operated as a dismissal on the merits and claiming the Texas case was barred under the doctrine of res judicata. The District Court granted petitioner's motion and dismissed the Texas case with prejudice. Real parties appealed; the dismissal was affirmed by the Fifth Circuit. (*Cabot Golf CL-PP 1, LLC v. Nixon Peabody, LLP* (5th Cir. July 7, 2014, No. 13-40912) 2014 U.S. App. LEXIS 12780.) Real parties also attempted to reopen their case in the Central District of California; their motion was denied. An appeal from that decision is pending before the Ninth Circuit. (*Cabot Golf 1, LLC v. Cabot Golf CL-PP Acquisition, LLC* (9th Cir., No. 14-55095) app. pending, app. filed Jan. 15, 2014.)

This proceeding concerns real parties' efforts to revive their case in the superior court. In October 2013, real parties filed a motion to vacate and set aside their voluntary dismissal of this action. Relying on section 473, subdivision (d), they argued the voluntary dismissal was void because they did not provide "informed consent." The argument was that, based on Mr. Hull's mistake, real parties were assured their decision to voluntarily dismiss the two actions would have no adverse impact upon the related Texas federal action. In opposition, petitioner argued real parties fully consented to the voluntary dismissal, but did not authorize the negative *result*; an error of that kind does not render a voluntary dismissal "void." The trial court found the voluntary dismissal was void, granted the motion to vacate on January 24, 2014, and stayed the case until September 2015 pending appeal. Petitioner appealed the trial court's order on March 5, 2014; real parties filed a motion to dismiss the appeal on the ground that the trial court's order was not appealable. We agreed with real parties and dismissed the appeal on May 15, 2014.

---

[3] Rule 41, subdivision (a)(1)(B) of the Federal Rules of Civil Procedure (28 U.S.C.) states that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

3

On June 12, 2014, petitioner filed a petition for writ of mandate, and on July 23, 2014, we issued an alternative writ ordering the superior court to vacate its order granting the motion of real parties to set aside their dismissal without prejudice, and enter a new order denying that motion, or in the alternative, to show cause why a peremptory writ of mandate should not issue. We permitted real parties to file a return to the alternative writ.

## DISCUSSION

### I

Petitioner filed its writ petition on June 12, 2014. The petition was untimely under the 60-day rule. (*Cal West Nurseries v. Superior Court* (2005) 129 Cal.App.4th 1170, 1173.) However, this rule is not jurisdictional; an appellate court may consider a writ petition *at any time* despite the 60-day rule if it considers the circumstances extraordinary. (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701.)

Petitioner explains its writ petition was not timely filed because it first sought a direct appeal of the trial court's January 24, 2014 order. Petitioner filed the writ petition less than a month after the appeal was dismissed. Because petitioner diligently sought relief and, as discussed below, the trial court clearly erred in its interpretation of section 473, we exercise our discretion to consider the petition.

### II

Section 473, subdivision (d) provides, "The court may, upon motion of the injured party, or its own motion, . . . set aside any void judgment or order." The inclusion of the word "may" means that even if the trial court determines the order or judgment was void, it still retains discretion to set the order aside or allow it to stand. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).) The reviewing court generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly

4

exercised its discretion in setting it aside. Evaluating an order or judgment as void is a question of law, reviewed de novo. (*Cruz*, at p. 496.) Ordinarily, we review the trial court's decision to set aside a dismissal for abuse of discretion. (*Romadka v. Hoge* (1991) 232 Cal.App.3d 1231, 1235 (*Romadka*).) But in this case, we need not reach the question of whether the trial court abused its discretion because the voluntary dismissal is not void.[4] (*Cruz*, at pp. 495-496)

## III

The issue before us is whether the real parties' voluntary dismissal of this action is "void" under section 473, subdivision (d). Real parties contend Mr. Hull "had no inherent or implied authority to dismiss the action without the clients' informed consent as to all of the risks and alternative options." Real parties do not dispute that they consented to the dismissal; they argue, however, Mr. Hull's failure to advise them of the federal two-dismissal rule rendered their consent, and thus their voluntary dismissal, void.

Real parties rely heavily on *Romadka* to support their position. In *Romadka*, the plaintiff obtained a default judgment against defendant but failed to timely serve it, subjecting the case to mandatory dismissal without prejudice. (*Romadka*, *supra*, 232 Cal.App.3d at p. 1234.) Within the period of limitations, plaintiffs filed a new action and authorized their attorney to dismiss the original action without prejudice. (*Ibid.*) Plaintiffs' attorney completed the request for dismissal form but mistakenly checked the "with prejudice" box. (*Ibid.*) Realizing plaintiffs' error, defendant raised a defense of res judicata in the new action. (*Ibid.*) Plaintiffs then moved to vacate their dismissal; the trial court denied their motion. (*Ibid.*) Plaintiffs appealed, arguing their dismissal with prejudice was void under section 473, subdivision (d). (*Romadka*, *supra*, at p. 1235.)

---

[4] Real parties argue the proper standard of review in this instance is abuse of discretion. For reasons stated in this opinion it is clear that real parties' voluntary dismissal was not void. Thus, even if evaluated under an abuse of discretion standard, we find the trial court abused its discretion in granting real parties' motion to set aside the voluntary dismissal.

The *Romadka* court reversed the trial court's order denying the motion to vacate the dismissal, holding that the "attorney's lack of authority invalidated her dismissal" as void. (*Id.* at p. 1237.) In doing so, it relied on cases standing for the proposition that an attorney's *unauthorized* disposition of a client's substantive rights is invalid and the resulting judgment or dismissal is therefore void. (See, e.g., *Linsk v. Linsk* (1969) 70 Cal.2d 272, 276 [attorney, over client's objection, entered into a stipulation that the action could be decided upon record made in prior trial]; *Whittier Union High Sch. Dist. v. Superior Court* (1977) 66 Cal.App.3d 504, 506 [attorney forged clients' signatures and entered into settlement agreement without clients' knowledge].)

These cases do not support real parties' position; the attorneys in the cited cases were not authorized to undertake the actions at issue. This case, on the other hand, does not involve a dispute over whether real parties were unaware of or did not authorize the dismissal; they discussed the matter with Mr. Hull and authorized him to dismiss the two cases, including this one. We are not aware of, and real parties have not cited to, any authority indicating a voluntary dismissal resulting from erroneous legal advice is void under section 473, subdivision (d). The fact that Mr. Hull mistakenly gave incorrect advice leading to dismissal of a separate case in another jurisdiction does not render the dismissal in this action void.

The Legislature has taken account of instances of mistake under section 473, subdivision (b). This provision allows the court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" if the motion is made within six months. (§ 473, subd. (b); 8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 153, p. 747 ["It is well settled that relief may be granted under C.C.P. § 473(b) for a mistake of law . . . ."].) Real parties' motion to set aside their voluntary dismissal was an issue more appropriately considered under section 473, subdivision (b) because it arose from a mistake—one which Mr. Hull acknowledged. Real parties did not seek relief under this provision, presumably because

6

their motion to vacate and set aside their dismissal was filed well after the six-month deadline had passed.

Since the real parties' tactical decision to voluntarily dismiss the underlying case without prejudice was not a void judgment or order, the trial court had no authority to set aside the dismissal as void.  (*Cruz*, *supra*, 146 Cal.App.4th at p. 496.)

## DISPOSITION

The alternative writ is discharged.  Let a peremptory writ of mandate issue directing the trial court to vacate its order granting real parties' motion to set aside their dismissal without prejudice and to enter a new order denying that motion.  Petitioner shall recover costs incurred in these writ proceedings.

**CERTIFIED FOR PUBLICATION**

EPSTEIN, P. J.

MANELLA, J.

COLLINS, J.

7