Filed 9/8/15  Francis v. Foxx CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JEROME FRANCIS et al., | B256423 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC438319) |
| v. | |
| RICK FOXX, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:[*]

It is ordered that the opinion filed on August 6, 2015, be modified as follows:

On the cover page after the caption, delete the second paragraph in its entirety and replace it with the following:

Law Offices of Anne Dowden Saxton, Anne Dowden Saxton and Travis Poteat for Defendant and Appellant.

There is no change in the judgment.

_____

[*]     FLIER, Acting P. J.          GRIMES, J.          OHTA, J.[**]

[**]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 8/6/15  Francis v. Foxx CA2/8 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JEROME FRANCIS et al., | B256423 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC438319) |
| v. | |
| RICK FOXX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Luis A. Lavin, Judge.  Affirmed.

Law Offices of Anne Dowden Saxton and Anne Dowden Saxton for Defendant and Appellant.

Law Offices of Paulinus E. Eichie and Paulinus E. Eichie for Plaintiffs and Respondents.

\* \* \* \* \* \*

In this appeal, Rick Foxx, defendant and appellant, challenges an order denying his motion to set aside an order awarding attorney fees, filed more than a year after the court awarded the fees. He argues that the court erred in awarding fees based on the parties' contract. We conclude that the motion challenging the attorney fee award was not timely, and therefore affirm the order denying the motion.

## FACTS AND PROCEDURE

On May 24, 2010, plaintiffs Jerome Francis, Estherlita Ansari, Michael Gagle, Johnny Morgan and Marcel McGuire sued Rick Foxx. Plaintiffs were tenants in Foxx's apartment building, and all of their claims stemmed from Foxx's alleged misdeeds as landlord. Plaintiffs alleged causes of action for breach of warranty of habitability, breach of warranty of quiet enjoyment, nuisance, violation of Civil Code section 1941.1, negligence, constructive eviction, and intentional infliction of emotional distress. In addition to compensatory and punitive damages they sought reasonable attorney fees.

The case was tried to the court. A transcript of the trial is not included in the record on appeal, but apparently the trial lasted three days. The court awarded plaintiffs $1,000 for damage to their personal property, $475 for rent paid, $500 in noneconomic damages, and $1,450 for Ansari's unreturned security deposit. The remaining causes of action were decided in Foxx's favor. Judgment was awarded jointly and severally against a codefendant who is not a party on appeal.[1]

On May 15, 2012, plaintiffs filed a motion for attorney fees. The motion sought attorney fees pursuant to Civil Code section 1717 (section 1717), and plaintiffs argued that they were the prevailing party.[2] Plaintiffs sought over $70,000 in fees.

---

[1]     Our record contains no information about the codefendant.

[2]     Section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

2

The copy of the lease attached to plaintiffs' motion contained the following attorney fee provision: "The prevailing party in an action brought for the recovery of rent or other moneys due or to become due under this lease or by reason of a breach of any covenant herein contained or for the recovery of the possession of said premises, or to compel the performance of anything agreed to be done herein, or to recover for damages to said property, or to enjoin any act contrary to the provision hereof, shall be awarded all of the costs in connection therewith, including, but not by way of limitation, reasonable attorney's fees." The lease provided for a security deposit of $1,450. The lease further provided: "Any balance remaining upon termination shall be returned, without interest, to Lessee."

On June 29, 2012, the court awarded attorney fees in the amount of $47,430.

On February 21, 2014, Foxx moved to vacate and set aside the June 29, 2012 order because it was not warranted under section 1717. The court denied the motion. Foxx appealed from the order denying the motion.

## DISCUSSION

Foxx argues that his motion was timely because the trial court's order awarding attorney fees was facially void and could be vacated at any time. Further according to him, it is facially void "due to attorney's fees being awarded to Plaintiffs . . . pursuant to California Civil Code section 1717 when they did not qualify for such relief." (Italics omitted.)

Code of Civil Procedure section 473, subdivision (d) (section 473(d)) allows a court to set aside a void judgment. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440; *Lee v. An* (2008) 168 Cal.App.4th 558, 563 (*Lee*).) Section 473(d) provides: "The court may, upon motion of the injured party, or its own motion, . . . set aside any void judgment or order." A void judgment is a nullity. (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

A judgment is void if the court lacks "fundamental authority over the subject matter, question presented, or party." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49,

3

56.) "'"When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time.""'" (*Lee, supra*, 168 Cal.App.4th at p. 563.) "For example, if a defendant is not validly served with a summons and complaint, the court lacks personal jurisdiction and a default judgment in such action is subject to being set aside as void." (*Id*. at p. 564.) A judgment may also be void if the court grants relief it has no power to grant. (*Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854.)

"'"If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of *direct attack*."'" (*Estate of Buck, supra*, 29 Cal.App.4th at p. 1854.) Mistake of law is not a jurisdictional error. (*In re Marriage of Goddard, supra*, 33 Cal.4th at p. 56.) Insufficient evidence or an abuse of discretion is a nonjurisdictional error, not subject to collateral attack. (*Estate of Buck, supra*, at p. 1857.) Whether a judgment is void is a question of law, which we review de novo. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)

We conclude that the alleged mistaken application of section 1717, if proven would render the order awarding attorney fees erroneous, not void. Therefore, the order is not subject to Foxx's collateral attack under section 473(d).

There is no claim that the trial court lacked personal or subject matter jurisdiction. Nor does Foxx claim that the court lacked the power to enter an attorney fee order, but instead he contends the court erroneously exercised that power. According the Foxx the court exercised its power to award fees when it should have exercised its power to deny fees. An erroneous exercise of power does not render the ensuing order void. (*Estate of Buck, supra*, 29 Cal.App.4th at pp. 1855-1856.) The type of relief was not outside the scope of the court's jurisdiction to grant. (See *id*. at p. 1856.) Because it was not a void order, the trial court had no authority to set it aside as void. (*Nixon Peabody LLP v. Superior Court, supra*, 230 Cal.App.4th at p. 824.)

4

## DISPOSITION

The order denying Foxx's motion to set aside the attorney fee order is affirmed. The parties shall bear their own costs on appeal.

FLIER, Acting P. J.

WE CONCUR:

GRIMES, J.

OHTA, J.*

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.