Filed 6/15/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JAIMIE DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>    Respondent.<br><br>CURTIS J. SATHRE, III,<br><br>    Real Party in Interest. | B300685<br><br>(Super. Ct. No. BS136533) |

ORIGINAL PROCEEDINGS IN MANDATE. Edward B. Moreton, Judge. Petition granted.

Jaimie Davis, in pro. per., for Petitioner.

No appearance for Respondent.

Reif Law Group, Brandon S. Reif, and Marc S. Ehrlich for Real Party in Interest Curtis J. Sathre, III.

# INTRODUCTION

Curtis J. Sathre III obtained an arbitration award against Jaimie Davis, an indigent, self-represented litigant. Seeking to enforce his resulting money judgment against Davis, Sathre filed an application to take her judgment debtor examination. Davis filed ex parte applications and a motion to quash the order requiring her to appear for the judgment debtor examination. The superior court denied Davis's attempts to quash the order, but did not honor Davis's timely request for a court reporter and did not allow Davis to appear at hearings telephonically. When Davis failed to appear for her judgment debtor examination, the court issued a bench warrant for her arrest. Davis filed a petition for writ of mandate, contending the superior court erred in refusing to honor her request for a court reporter, in prohibiting her from appearing telephonically at court hearings, and in issuing the bench warrant.

Supreme Court precedent and the California Rules of Court require trial courts to protect the right to appellate review by ensuring there is a complete record of the proceedings, and they encourage trial courts to allow all litigants, including those representing themselves, to participate in court proceedings telephonically. Because the superior court's actions were inconsistent with these principles of California law, we grant Davis's petition and direct the superior court to allow Davis to have a court reporter at the hearings on her motions and to appear at those hearings telephonically.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Davis Commences an Arbitration; Sathre Prevails and Obtains an Award of Costs and Fees*

In 2011 Davis filed a demand for arbitration against Sathre, John Evan Schooler, and WFP Securities, Inc. She lost, and the arbitrator ordered Davis to pay Sathre, Schooler, and WFP Securities $135,755.89 in costs and expert witness fees and $21,000 in arbitration fees. The trial court confirmed the arbitration award, Davis appealed, and in 2014 we affirmed. (*WFP Securities, Inc. v. Davis* (Apr. 15, 2014, B244528) [nonpub. opn.].)[1]

B. *Sathre Attempts To Collect His Arbitration Costs and Fees and Take Davis's Judgment Debtor Examination*

On February 8, 2019 Sathre filed an application for an order requiring Davis to appear for a judgment debtor examination, setting the examination for May 6, 2019 in Department 44 of the Los Angeles County Superior Court. The court granted the application the same day. On February 27, 2019 Sathre filed a proof of service stating Davis had been personally served with the application and order.

On April 29, 2019 Davis substituted herself for her attorney of record. The court granted her request for a court fee waiver, which included a waiver of court reporters' fees.

According to Davis's petition, on April 30, 2019 she spoke with the courtroom clerk in Department 44, who informed Davis

---

[1] John Schooler and WFP Securities, Inc. have since assigned their interests in the judgment to Sathre.

that "she need not appear" for ex parte applications "because only counsel was required to appear not pro pers," that the court did not allow telephonic appearances for ex parte matters, and that the court ruled on ex parte applications in chambers without oral argument. The rules in Department 44 for ex parte applications stated at the time (and still state) that "[c]ounsel are required to be in the department between 8:30 and 8:45 a.m., with the ex parte filing fee ($60.00) already paid," that "[a]ll ex parte applications shall be reviewed in chambers," and that "[n]ormally no oral argument will be heard." (Super. Ct. L.A. County, Courtroom Information, Stanley Mosk Courthouse, Dept. 44, <http://www.lacourt.org/ courtroominformation/ui/result.aspx> [as of June 9, 2020], archived at <https://perma.cc/KX4T-XQ7A>.)

C. *Davis Files Motions and Ex Parte Applications To Prevent Her Judgment Debtor Examination*

On May 3, 2019 Davis filed an ex parte application to quash the order for her judgment debtor examination or, in the alternative, for a continuance. Davis argued the order violated Code of Civil Procedure section 708.160, subdivision (b), because she lived in Las Vegas, Nevada, which is more than 150 miles from the courthouse set for the examination, and she did not have a place of business in Los Angeles County. Davis attached her driver's license, a voter registration card, and a bank statement, all of which showed her Nevada residence. Because the courtroom was dark on May 3, Davis's ex parte application was transferred to the supervising judge of the civil division, who took the ex parte application off calendar because Davis did not appear.

4

Davis states in her petition that three days later, on May 6, 2019, the date set for her judgment debtor examination, Davis spoke with the courtroom clerk in Department 44, who told her that she should re-file her ex parte application by 10:00 a.m. and that the judge would hear it the following morning. When Davis did not appear on May 6, 2019, the court issued a bench warrant and held it until June 10, 2019.

On May 7, 2019 the court considered Davis's ex parte application to quash the order to appear for her judgment debtor examination or, in the alternative, for a continuance. Davis states in her petition that she did not appear in person because she lives out of state and could not afford to travel to Los Angeles and that she did not appear telephonically because the court did not allow telephonic appearances for ex parte applications. The court, "[a]fter an in-chambers review," denied the application because Davis was "not present." When Davis called later that day and learned of the court's ruling, the courtroom clerk explained that "the court rules require attendance for ex parte's even for" a self-represented litigant and that Davis "should try to get a special appearance lawyer as that is what lawyers do when they cannot attend."

On May 16, 2019 Davis filed a regularly noticed motion to quash the order for her judgment debtor examination, again arguing she lived more than 150 miles from the courthouse in Los Angeles, and for relief under Code of Civil Procedure section 473, subdivision (b). Davis set the hearing on the motion for June 18, 2019. On May 21, 2019 Davis filed a request for a court reporter and a notice of intent to appear by telephone.

On June 10, 2019, eight days before the hearing on Davis's motion to quash, the superior court held a hearing on Davis's

failure to appear for her judgment debtor examination. The superior court found that Davis had been properly served and that she failed to appear. The superior court released the bench warrant and set bail at $5,000.

On June 17, 2019, the day before the hearing on her motion to quash, Davis received a cancellation notice from the company that facilitated telephonic appearances for the court. The notice stated: "Personal appearance required per Court Clerk."

On June 18, 2019 the court heard Davis's motion to quash and for relief under Code of Civil Procedure section 473, subdivision (b). Davis did not appear, and there was no court reporter. The court observed that it had previously ordered Davis could "not appear by telephone," that Davis did not appear at the hearing, and that there was a warrant for her arrest. The court denied Davis's motion, ruling that the motion was moot and an improper motion for reconsideration under Code of Civil Procedure section 1008 and that Davis was not entitled to relief under Code of Civil Procedure section 473, subdivision (b).

D. *Davis Files More Motions and Ex Parte Applications To Prevent Her Judgment Debtor Examination*

Between July 1, 2019 and July 30, 2019 Davis filed three notices of appeal from, respectively, the superior court's May 7, June 10, and June 18, 2019 orders. On July 30, 2019 Davis filed a motion in the superior court to stay the proceedings and to recall and quash the bench warrant, setting the hearing for August 23, 2019. Davis requested a court reporter for the hearing.

On August 23, 2019 the court heard Davis's motion to stay the proceedings and to quash and recall the bench warrant. A

6

limited scope attorney, Justin Wilmers, represented Davis at the hearing, and a court reporter was present. The superior court continued the hearing to September 9, 2019 because it wanted supplemental briefing on the status of Davis's pending appeals. The superior court granted Wilmers's request to allow Davis to appear telephonically at the September 9 hearing on the motion.

On August 27, 2019 Davis filed a request for a court reporter for the September 9, 2019 hearing. On September 3, 2019 the parties filed their supplemental briefs on the status of the appeals and their effect on Davis's motion to stay. On September 4, 2019 Davis filed an ex parte application to strike certain portions of Sathre's supplemental brief. Davis states she tried to appear by telephone at the ex parte proceeding, but the courtroom clerk told her the court would not allow it. The court took her ex parte application off calendar.

On September 6, 2019 Davis re-filed her ex parte application to strike. She also filed an ex parte application to stay the proceedings, quash the order for her judgment debtor examination, and recall the bench warrant pending a ruling on a motion she filed to compel arbitration of Sathre's efforts to enforce the judgment. She noticed the hearings on the ex parte application for September 9, 2019, at 8:30 a.m., pursuant to the rules of Department 44.

Davis attempted to appear by telephone for the ex parte hearings, but the courtroom clerk did not give her permission. Although the court had given Davis permission to appear telephonically at the continued hearing on her motion to stay and quash the bench warrant, which was scheduled to be heard at 9:30 a.m. on September 9, 2019, she had been told she was not allowed to appear at the ex parte hearings, which were scheduled

7

to be heard at 8:30 a.m.  Recognizing that the matters set at 8:30 a.m. were relevant ("critical," in Davis's view) to the matters set at 9:30 a.m., Davis "had to again scrape for funds" to hire Wilmers to appear on her behalf on September 9.

The superior court heard Davis's motion to quash and her two ex parte applications on September 9, 2019, at 9:30 a.m. There was no court reporter.  Wilmers raised the issue that there was no court reporter, but according to Wilmers "no comment was made and the judge continued to proceed with the merits of the motion without a court reporter."  The court denied Davis's motion to quash and her ex parte applications.

E.    *Davis Files a Petition for Writ of Mandate*

On September 16, 2019 Davis filed a petition for writ of mandate, challenging the court's May 7, 2019, June 10, 2019, June 18, 2019, and September 9, 2019 orders.  On November 6, 2019, having previously stayed execution of the bench warrant, we issued an order to show cause why the superior court should not vacate its May 7, 2019, June 10, 2019, June 18, 2019 and September 9, 2019 orders and hold a new hearing on the merits of Davis's motion to quash, allowing Davis to appear telephonically and have a court reporter present to transcribe the proceedings.  Sathre filed a return, opposing Davis's request for relief.

8

## DISCUSSION

### A.    *Davis's Petition Is Timely*

Sathre argues we should deny Davis's petition without reaching the merits because Davis, who filed her petition on September 16, 2019, did not seek timely writ review of the superior court's first three orders, namely, the May 7, 2019, June 10, 2019, and June 18, 2019 orders.  Sathre contends that, because Davis waited more than 60 days to file a petition challenging these orders, her petition is untimely and barred by laches.

As a general rule, a petition for writ of mandate should be filed within the 60-day period applicable to appeals.  (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 310; *Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701; Cal. Rules of Court, rule 8.406(a)(1).)[2]  The 60-day period for writ petitions, however, is not jurisdictional. (See *Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 821 [the 60-day rule "is not jurisdictional; an appellate court may consider a writ petition *at any time* despite the 60-day rule if it considers the circumstances extraordinary" and the petitioner seeks relief diligently]; *Popelka, Allard, McCowan & Jones v. Superior Court* (1980) 107 Cal.App.3d 496, 499 ["An appellate court *may* consider a petition for an extraordinary writ at any time [citation], but has discretion to deny a petition filed after the 60-day period applicable to appeals, and *should* do so absent 'extraordinary circumstances' justifying the delay."].)

---

[2]    Undesignated citations to rules are to the California Rules of Court.

Davis's petition is timely enough. Davis's challenge to the court's September 9, 2019 order, which denied her noticed motion to quash the order for her judgment debtor examination and her ex parte applications seeking similar relief and to recall the bench warrant, is admittedly timely. Indeed, Davis filed her petition for writ of mandate on September 16, 2019, a week after the September 9, 2019 order. Because Davis diligently sought review of the superior court's September 9, 2019 orders denying her motion to quash and related ex parte applications, and the September 9, 2019 orders involve the same issues as those involved in the previous orders—i.e., Davis's efforts to quash the order for her judgment debtor examination and to recall the warrant for her arrest for failing to appear at the examination— it is appropriate to consider the petition's challenge to all four orders. (See *Volkswagen of America, Inc. v. Superior Court*, *supra*, 94 Cal.App.4th at p. 701 [considering a petition for writ of mandate challenging several orders, including orders entered more than 60 days before the petition was filed, because the issues relating to the orders were "essentially identical" and "it would serve little purpose to review the court's ruling as to some of them but not others"].) In addition, Davis's petition raises important access-to-justice issues concerning indigent, self-represented litigants' ability to appear at and participate in court proceedings when they may live far from the court and their ability to seek appellate review with an adequate record of trial court proceedings.

B.    *The Superior Court Erred in Failing To Provide a Court Reporter for the September 9, 2019 Hearing*

10

"California courts, pursuant to the principles of the in forma pauperis doctrine, have the inherent discretion to facilitate an indigent civil litigant's equal access to the judicial process . . . ." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 605 (*Jameson*).) "Judicial authority to facilitate meaningful access to indigent litigants extends as well to . . . devising alternative procedures (e.g., additional methods of service or meaningful access) so that indigent litigants are not, as a practical matter, denied their day in court." (*Ibid.*)

On the issue of court reporters, the Supreme Court held in *Jameson* that, for litigants who qualify for and have obtained a fee waiver, an "official court reporter, or other valid means to create an official verbatim record for purposes of appeal, must generally be made available to in forma pauperis litigants upon request." (*Jameson, supra*, 5 Cal.5th at p. 599; see Gov. Code, § 68086, subd. (b) [court reporter fees are waived for a person who has received a fee waiver]; rule 2.956(c)(2) [a party who has received a fee waiver may request an official court reporter].) The Supreme Court recognized the importance of a reporter's transcript to an indigent litigant's ability to meaningfully exercise his or her right to seek appellate review. (*Jameson*, at pp. 608-610.) The Supreme Court stated that "the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Id.* at p. 608.)

Here, the superior court granted Davis's request for a fee waiver, and Davis timely requested a court reporter for the September 9, 2019 hearing. And yet there was no court reporter present at the hearing. Davis's limited scope attorney even

11

raised the issue, but the court still held the hearing without a court reporter.  Davis is entitled to a new hearing, with a court reporter present, on her motion and ex parte applications to quash the order for her judgment debtor examination and to stay the proceedings.

C.  *The Superior Court Erred in Limiting Davis's Ability To Appear Telephonically*

California encourages telephonic appearances in civil cases as a way of improving access to the courts and reducing litigation costs.  (Rule 3.670(a) & (f)(1); see Super. Ct. L.A. County, Local Rules, rule 3.6(a) [requiring compliance with the California Rules of Court governing telephonic appearances].)  Rule 3.670(c) generally authorizes parties to appear by telephone, but to do so a party must, at least two court days before the hearing, notify the superior court and all other parties that the party intends to appear telephonically.  (Rule 3.670(h)(1)(B).)  The California Rules of Court further provide that, "[a]fter a party has requested a telephone appearance under (h), if the court requires the personal appearance of the party, the court must give reasonable notice to all parties before the hearing and may continue the hearing if necessary to accommodate the personal appearance." (Rule 3.670(i).)

Parties seeking ex parte orders may appear telephonically "provided that the moving papers have been filed and a proposed order submitted by at least 10:00 a.m. two court days before the ex parte appearance and, if required by local rule, copies have been provided directly to the department in which the matter is to be considered."  (Rule 3.670(d)(1).)  Los Angeles Superior Court Local Rules, rule 3.6(d) requires a party seeking ex parte relief to

12

deliver copies of the moving papers and proposed order directly to the department hearing the matter.[3]

Personal appearances are required for certain matters, such as "[t]rials, hearings, and proceedings at which witnesses are expected to testify . . . ." (Rule 3.670(e)(1)(A).) The court, however, has discretion to permit a telephonic appearance in lieu of a personal appearance. (Rule 3.670(f)(3).) Conversely, the court may require a personal appearance if the court determines "on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings . . . ."[4] (Rule 3.670(f)(2).)

---

[3] In response to the COVID-19 pandemic, courts have liberalized the use of remote appearances in civil matters. Regarding ex parte proceedings, General Order 012 of the Presiding Judge of the Superior Court of the State of California for the County of Los Angeles states: "From May 13, 2020 to June 10, 2020, all parties may appear telephonically in Civil ex parte matters." (Super. Ct. L.A. County, Gen. Order No. 2020-GEN-012-00 (May 13, 2020), <http://www.lacourt.org/ newsmedia/uploads/1420205131740522020-GEN-012-00AdministrativeOrderofPJreCOVID-19051320.pdf> [as of June 8, 2020], archived at <https://perma.cc/E99A-MDWX>.)

[4] Emergency Rules, rule 3, of the Amendments to the California Rules of Court related to the COVID-19 pandemic provides courts with the latitude to "require judicial proceedings and court operations be conducted remotely," including by "the use of video, audio, and telephonic means for remote appearance . . . ." (Amendments to the Cal. Rules of Court, Emergency Rules, rule 3(a)(1) & (a)(3), adopted by the Judicial Council of Cal., eff. Apr. 6, 2020, <https://www.courts.ca.gov/ documents/2020-04-06-rules-effective-04-06-2020.pdf> [as of June

The superior court here violated these rules by prohibiting Davis from appearing telephonically. For example, on May 7, 2019 the court denied Davis's ex parte application to quash the order requiring her to appear for her judgment debtor examination because Davis did not appear. But Davis tried to appear telephonically and was told the rules in Department 44 required her to appear in person. The court then denied Davis's ex parte application because she was not present, even though, under the court's rules, there was, in all likelihood, no reason for her to appear in person because the court's policy was to rule on all ex parte applications in chambers and without allowing anyone to be heard. The court also precluded Davis from appearing telephonically at the June 18, 2019 hearing on her noticed motion to quash because she had failed to appear at the very judgment debtor examination her motion sought to quash.

It is true, as Sathre points out, Davis technically "appeared" at the August 23, 2019 and September 9, 2019 hearings through a limited scope attorney. Davis was entitled, however, to argue to the court directly, rather than through a limited scope attorney, that she was not properly served and that the judgment debtor examination should not proceed as ordered. Although the court allowed Davis to appear telephonically at the September 9 hearing on her motion to recall the bench warrant, the court had also told her she could not appear telephonically for ex parte matters, which were scheduled to be heard at a different

8, 2020], archived at <https://perma.cc/U4VW-2UW5>.) Emergency Rule, rule 3(b) states it will be in effect until 90 days after the Governor declares the state of emergency related to the COVID-19 pandemic is lifted or until the rule is amended or repealed by the Judicial Council.

time that day (although the court ultimately heard them at the same time). Faced with having the court deny her ex parte applications again for failing to appear, Davis had to retain a limited scope attorney—one she did not want and could not afford—to represent her. Davis is entitled to a new hearing, with a court reporter, where she can appear by telephone.

D.  *The Superior Court Must Recall and Quash the Bench Warrant*

Davis did not appear—in person or by telephone—at her June 10, 2019 judgment debtor examination. Davis states in her petition that on June 6, 2019 the courtroom clerk advised Davis she could not appear telephonically on June 10, 2019 and that Davis told the clerk she could not appear personally because it was too far and too expensive for her to travel to court. When Davis failed to appear, the court issued a bench warrant for her arrest and prohibited her from appearing telephonically at the June 18, 2019 hearing on her motion to quash. (See Code Civ. Proc., § 708.170, subd. (a)(1)(B) [court may issue a warrant for the arrest of a person who fails to appear as required by the court order]; rules 3.670(e)(1)(A), 3.670(f)(3).)

Because the court issued the bench warrant before Davis had the opportunity to argue her motion to quash, and because we are remanding for a new hearing, we vacate the court's June 10, 2019 order and direct the superior court to recall and quash the bench warrant. Of course, if after the new hearing the court denies Davis's motion to quash, the court can order a new date for Davis's judgment debtor examination and, if Davis fails to appear, the court will have discretion to use any lawful measures and incentives to compel compliance with its orders.

15

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its May 7, 2019, June 10, 2019, June 18, 2019, and September 9, 2019 orders. The superior court is directed to hold a new hearing on Davis's motion to quash the order for her judgment debtor examination and for relief under Code of Civil Procedure section 473, subdivision (b), and her ex parte applications. The superior court is also directed to recall and quash the bench warrant issued for Davis's arrest. Sathre's request for judicial notice and Davis's request to strike Sathre's return are denied. Finally, pursuant to Code of Civil Procedure section 170.1, subdivision (c), in the interests of justice all further proceedings shall be heard before a trial judge other than the judge whose orders are affected by this decision. Davis is to recover her costs in this original proceeding.


SEGAL, J.

We concur:


PERLUSS, P. J.          FEUER, J.

16