Filed 5/14/25  State Bar of California v. Kinney CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES G. KINNEY,<br><br>    Defendant and Appellant. | A169946<br><br>(San Francisco City & County Super. Ct. No. CPF-17-515616) |

Charles G. Kinney, appearing in propria persona, appeals orders denying his motions (1) to vacate a judgment entered in favor of the State Bar of California (State Bar) in 2017, (2) to consolidate these proceedings with a separate judgment entered in favor of the State Bar in 2018, and (3) for leave to file a cross-complaint.  We find no error and affirm.

### BACKGROUND

On May 25, 2016, the Supreme Court disbarred Kinney from the practice of law in California.  The Supreme Court's order included an award of discipline costs payable to the State Bar in the amount of $25,095.89.

On April 5, 2017, the State Bar filed a request for entry of judgment (request) against Kinney in Superior Court in the

amount of $25,095.89, plus a $395 filing fee. On April 24, the court entered judgment in the amount requested.

On June 14, 2018, the State Bar served the request, the judgment, and a notice of entry of judgment (notice) on Kinney at the address on file with the State Bar and filed a proof of service with the court on the same date.

On July 13, 2018, Kinney filed an objection to the request that appears primarily to challenge the merits of the Supreme Court's underlying disciplinary order.

On June 21, 2018, the court entered a second judgment on behalf of the State Bar against Kinney in Case No. CPF-18-516235.

On November 8, 2023, Kinney filed three motions relating to the 2017 judgment: a motion to vacate the judgment, a motion to consolidate the present case with Case No. CPF-18-516235, and a motion for leave to file a cross-complaint against the State Bar, the Franchise Tax Board, and the California Judicial Council. In his motions, Kinney argued, among other things, that the 2017 judgment was void because the State Bar's request was not served until after the judgment was entered.

On December 19, 2023, the State Bar sent a letter to Kinney advising him that he owed $20,415.36 on the 2017 judgment.

On December 27, the State Bar filed its opposition to the motion to vacate, arguing that Kinney had failed to present any factual or legal basis on which to set aside the judgment.

On December 28, Kinney hand delivered a check to the State Bar for $20,415.36. The letter accompanying the payment indicates that the "check is to pay off the remaining amount of the cost award(s)" and is "paid under protest; reserving all rights" and cites Code of Civil Procedure section 724.110. The letter further states: "By presenting this check, I am not waiving any of my rights; I am expecting a full refund of all amounts paid by me to the State Bar . . . .; I will be seeking additional damages caused by State Bar's acts and omission from about 2002 onward; and I will be seeking damages caused by all of those who were involved with fraud, bribery or collusion." (Underscoring omitted.)

On January 3, 2024, the State Bar filed an acknowledgement of Kinney's satisfaction of the 2017 judgment. The following day, the State Bar wrote to Kinney acknowledging receipt of the check, informing Kinney that the State Bar's accounts were updated to reflect the receipt of payment, and that "[w]ith respect to your demand pursuant to Code of Civil Procedure section 724.110, the State Bar has filed a satisfaction of judgment with the San Francisco Superior Court." A copy of the file-endorsed acknowledgment of satisfaction of judgment was attached to the letter. On the same day, the State Bar filed a supplemental declaration in support of its opposition to the motion to vacate, arguing that the motion was now moot in light of Kinney's full satisfaction of the judgment.

On January 10, 2024, the court denied Kinney's motion to vacate on the ground that his motion was moot in light of

3

Kinney's full satisfaction of the judgment. The court denied the motion to consolidate on the ground that it was moot because there was no basis to consolidate the now-satisfied 2017 judgment with any other action. Finally, the court denied the motion for leave to file a cross-complaint on the ground that a cross-complaint cannot be filed after entry of judgment and there was no "cause of action" pending that would allow the filing of a cross-complaint.

## DISCUSSION

Kinney's briefing in large part focuses on matters not presently before this court: the validity of the disbarment decision by the Supreme Court and the various litigation and rulings that led to entry of that order, as well as the validity of the proceedings in Case No. CPF-18-516235. To the extent he addresses the specific orders on appeal, we understand him to be arguing that (1) the 2017 judgment is void and should have been vacated because he was not served with the request prior to entry of judgment, which he suggests deprived the court of subject matter and personal jurisdiction, and (2) the court erred in finding his motion to vacate the judgment moot because his payment of the judgment was a "compromise settlement" for which all conditions of enforcement were not met and thus, it was not a voluntary satisfaction of the judgment. He argues further that, because the allegedly void judgment should have been vacated, the court erred in denying his motion for leave to file a cross-complaint and to consolidate the two State Bar cases against him.

4

We need not consider whether the trial court correctly determined that the motion to vacate was mooted by Kinney's apparent satisfaction of the judgment because the trial court's denial of Kinney's motion was clearly correct on the alternative grounds argued by the State Bar in its opposition. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980–981 [court "cannot undo the effect of the ruling or the ensuing judgment on the ground that the court may have misapplied [Code of Civil procedure] section 473 as long as any other correct legal reason exists to sustain either act"]; *Iloh v. Regents of University of California* (2023) 87 Cal.App.5th 513, 529 ["we consider only the trial court's ruling, not its reasoning; we affirm a challenged order if it is correct on any theory"].)

Code of Civil Procedure section 473, subdivision (d), authorizes the court to "set aside any void judgment or order." Kinney, however, has not established that the 2017 judgment is void. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822 ["Evaluating an order or judgment as void is a question of law, reviewed de novo"].) Kinney cites no authority for his argument that "[t]he Request involved a ministerial act, so the State Bar's failure to list Kinney on the proof of service prevented th[e] court from having subject matter and personal jurisdiction to issue a 'cost judgment' against Kinney." To the contrary, the State Bar correctly asserts that it was not required to serve him with its request prior to obtaining the money judgment.

The Supreme Court's disciplinary order awarded the State Bar costs pursuant to Business and Professions Code section 6086.10. Under section 6086.10, subdivision (a), "[a]n order imposing costs pursuant to this subdivision is enforceable . . . as a money judgment." (See also Cal. Rules of Court,[1] rule 9.23(a) ["the State Bar is authorized to enforce as a money judgment any disciplinary order assessing costs"].) In 2017, when the State Bar applied for the money judgment, subdivision (b) of rule 9.23 authorized the State Bar to file "with the clerk of the superior court of any county" "a certified copy of a final disciplinary order assessing costs . . . along with a certified copy of the certificate of costs" and required that the clerk "must immediately enter [a money] judgment in conformity with the order."[2] Rule 9.23(b) did not at that time or now require service of the request prior to entry of judgment. And at the time, rule 9.23(c) provided that, "Motions for the compromise of any judgment entered under this rule must, in the first instance, be

_____

[1] All rule references are to the California Rules of Court.

[2] Rule 9.23(b) was amended in 2022 to read in relevant part as follows: "The State Bar may file with the clerk of the superior court of any county a certified copy of a final disciplinary order: (1) assessing costs along with a certified copy of the certificate of costs, (2) assessing monetary sanctions, or (3) requiring reimbursement to the Client Security Fund along with any record of interest accrued and processing costs, and a certified copy of the Notice of Payment of the Client Security Fund. . . . The clerk must immediately enter a money judgment in conformity with the order or the Notice of Payment."

filed and heard by the State Bar Court."[3]  The record reflects that the State Bar correctly followed this procedure.

Kinney did not cite rule 9.23 in his opening brief, let alone argue that it was inadequate or not applicable in this case.  There is also no dispute that Kinney was properly served with the actual judgment in 2018.  Although Kinney filed an objection in the trial court after service of the judgment, it does not appear that he filed an objection or motion with the State Bar Court.  Accordingly, the trial court did not err in denying Kinney's motion to vacate the judgment.

Kinney has not established that the court erred in denying the remaining motions.  "Code of Civil Procedure section 1048 grants discretion to the trial courts to consolidate actions involving common questions of law or fact.  The trial court's decision will not be disturbed on appeal absent a clear showing of abuse of discretion."  (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978–979.)  The court did not abuse its discretion in concluding that, following entry of the 2017 judgment and absent a valid basis on which to vacate that judgment, there were no questions of law or fact pending in this action with which the other action should be consolidated.

Nor did the trial court abuse its discretion in denying Kinney's motion to file a cross-complaint under Code of Civil

---

[3] Subdivision (c) has since been amended to give a defendant "180 days from the date of service of notice of entry of judgment to file a motion to amend, vacate, or stay the enforcement of the money judgment in the superior court with jurisdiction."

Procedure section 428.50, subdivision (c). (*Crocker Nat. Bank v. Emerald* (1990) 221 Cal.App.3d 852, 864 ["Permission to file a permissive cross-complaint is solely within the trial court's discretion"].) Kinney has not established that the court erred in relying on the general rule that a "party cannot file a cross-complaint after judgment has been entered on the underlying complaint in the trial court." (*City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 586, italics omitted.)

## DISPOSITION

The orders denying Kinney's motions (1) to vacate the 2017 judgment, (2) to consolidate these proceedings with Case No. CPF-18-516235, and (3) for leave to file a cross-complaint are affirmed. The State Bar shall recover its costs on appeal.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

8